1   DANIEL RODRIGUEZ, ESQ., SBN 096625

2   JOEL T. ANDREESEN, ESQ., SBN 152254
    **RODRIGUEZ & ASSOCIATES**

3   2020 EYE STREET, BAKERSFIELD, CA 93301
    TELEPHONE (661) 323-1400  FAX (661) 323-0132

4

5   Attorneys for Plaintiffs Tara Garlick;
    MLS, CJS, CRS, EZS, minors by and

6   through their guardian ad litem,
    Tara Garlick

7

8             **UNITED STATES DISTRICT COURT**

9             **EASTERN DISTRICT OF CALIFORNIA**

10   TARA GARLICK; MLS, CJS, CRS, EZS,     Case No.

11   minors by and through their guardian ad
    litem, TARA GARLICK, individually and   **COMPLAINT FOR:**

12   as the Successors in Interest of DAVID     (1) **Violation of 4th and 14th**
    SAL SILVA, Deceased,                   **Amendments.**

13           Plaintiffs,          (2) **Violation of 14th Amendment**

14                       **Substantive Due Process.**
      vs.                     (3) **Conspiracy Under Federal Law.**

15

16   COUNTY OF KERN, KERN COUNTY     **DEMAND FOR JURY TRIAL**
    SHERIFF'S DEPARTMENT, SHERIFF

17   DONNY YOUNGBLOOD, SGT.
    DOUGLAS SWORD, DEPUTY RYAN

18   GREER, DEPUTY TANNER MILLER,
    DEPUTY JEFFREY KELLY, DEPUTY

19   LUIS ALMANZA, DEPUTY BRIAN
    BROCK, DEPUTY DAVID STEPHENS

20   and DOES 1 to 100, inclusive,

21           Defendants.

22

23

24

25

26

Plaintiffs TARA GARLICK and minors MLS, CJS, CRS, AND EZS, acting by and through their guardian ad litem, TARA GARLICK, allege individually and as Successors in Interest of David Sal Silva, Deceased, as follows:

## JURISDICTION AND VENUE

1.     This Complaint is asserted by Plaintiffs TARA GARLICK and minors MLS, CJS, CRS, and ELS, acting by and through their guardian ad litem, TARA GARLICK ("Plaintiffs"), individually and as successors in interest to David Sal Silva ("Decedent") for compensation:

    (a)    in their capacity Decedent's successors in interest, for the violation by Defendants of Decedent's rights secured by the Fourth and Fourteenth Amendments to the United States Constitution to be secure in his person and to be free from the excessive use of force, pursuant to 42 U.S.C. §§ 1983, 1988;

    (b)    in their individual capacity, for the violation by Defendants of Plaintiffs' own substantive due process rights under the Fourteenth Amendment to the United States Constitution to a familial relationship and companionship with Decedent, by using excessive force against Decedent, resulting in the death of Decedent and the termination of said relationship, pursuant to 42 U.S.C. § 1983; and

    (c)    both in their individual capacity and in their capacity as one of Decedent's successors in interest, for Conspiracy to Violate Civil Rights under Federal law, pursuant to 42 U.S.C. §§ 1983, 1988.

This Court has jurisdiction over Plaintiffs' Federal Civil Rights claims under 42 U.S.C. § 1983 pursuant to 28 U.S.C. §§ 1331, 1343.

2.     Venue in this Court is proper pursuant to 28 U.S.C. § 1391(b) because: (1) a substantial part of the events or omissions giving rise to the claim occurred in this judicial district; and (2) Defendants reside within this judicial district.

## PARTIES AND OTHER RELEVANT ACTORS

3.     At the time of the Decedent's death, and at all relevant times herein, Plaintiffs MLS, CJS, CRS, and EZS are the Decedent's minor children. Furthermore, at the time of the Decedent's death, and at all relevant times herein Plaintiff TARA GARLICK was/is Decedent's life partner and received support and services from Decedent.

4.     A Petition to appoint TARA GARLICK as Guardian Ad Litem for Plaintiffs MLS, CJS, CRS, AND EZS is filed concurrently with this Complaint.

5.     Plaintiffs are successors in interest of Decedent pursuant to 42 U.S.C. §§ 1983, 1988.

6.     Defendant COUNTY OF KERN is, and at all times mentioned herein was, a political subdivision of the State of California.

7.     Defendant KERN COUNTY SHERIFF'S DEPARTMENT is, and at all times mentioned herein was, a law enforcement agency organized and existing under the Municipal Code and Charter of the County of Kern and the laws of the State of California.

8.     Defendant DONNY YOUNGBLOOD is, and at all times mentioned herein was, employed by Defendant COUNTY OF KERN as the Sheriff of the Defendant KERN COUNTY SHERIFF'S DEPARTMENT and was acting within the course and scope of his employment and under color of law.

9.     Defendants SGT. DOUGLAS SWORD, RYAN GREER, TANNER MILLER, JEFFREY KELLY, LUIS ALMANZA, BRIAN BROCK, and DAVID STEPHENS, are, and at all times mentioned herein were, Sheriff's Deputies, officers, agents and/or employees of the Defendants COUNTY OF KERN and KERN COUNTY

1   SHERIFF'S DEPARTMENT, and were acting within the course and scope of said

2   employment and under color of law.

3         10.    Plaintiffs are unaware of the true names and capacities of the Defendants

4   sued herein as Does 1 through 100, inclusive, and therefore sue these Defendants by such

5   fictitious names.  Plaintiffs will amend this Complaint to allege the true names and

6   capacities when ascertained.  Plaintiffs are informed and believe and on that basis allege

7   that each of the fictitiously named Defendants is liable in the manner set forth below for

8   the acts, conduct and/or omissions concerning the events and happenings herein referred

9   to, which proximately caused the damages and injuries to Plaintiffs as alleged herein.

10         11.    Plaintiffs are informed and believe and on that basis allege that at all times

11   and places mentioned herein each Defendant was the agent, representative and/or

12   employee of each of the remaining Defendants and was acting within the course and

13   scope of said agency, representation and/or employment.

14         12.    In performing and engaging in the acts alleged herein, each Defendant was

15   acting under color of law, to wit, under the statutes of the State of California and the

16   ordinances, regulations, customs, and practices of Defendant KERN COUNTY

17   SHERIFF'S DEPARTMENT.

## FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

13.    On May 7, 2013 a Sheriff's Deputy reported to a scene where a man was

asleep on a front lawn. Upon arrival the Sheriff's deputy proceeded to knuckle-rub the

sleeping man causing the man to wake up in a panic. Immediately thereafter, this

Sheriff's deputy, along with five other Sheriff's deputies and a Sergeant proceeded to

strike this man with batons several times all over his body, while the man screamed in

pain and repeatedly begged the officers to stop.  At about this same time, a K-9 dog

belonging to one of the Sheriff's deputies attacked the man.  Eventually, the officers hog-

tied the man.  After the repeated beating by the Sheriff's deputies and biting by a

deputy's K-9 dog, the man eventually stopped breathing. Nonetheless, the Sheriff's deputies failed to immediately transport the man to a hospital despite the man's apparent inability to breathe. Finally, after a significant delay the man was taken to Kern Medical Center, where he was pronounced dead at 12:44 a.m. on May 8, 2013.

As a result, Plaintiffs contend that decedent died as a result of the unreasonable and excessive force used by the six Sheriff's Deputies and Sergeant. The names of the Sheriff's Deputies involved in the beating are: DEPUTIES RYAN GREER, TANNER MILLER, JEFFREY KELLY, LUIS ALMANZA, BRIAN BROCK, and DAVID STEPHENS. The name of the Sergeant involved in the beating is SGT. DOUGLAS SWORD. Plaintiffs further contend that the Sheriff's Deputies and the Sergeant, whose names are known to the KERN COUNTY SHERIFF'S OFFICE and the COUNTY OF KERN, were acting in the course and scope of their employment with the COUNTY OF KERN at the time that excessive force was used. Moreover, Plaintiffs contend that the Sheriff's Deputies and Sergeant personally witnessed, perceived, and were aware of such conduct at the time that it occurred, and:

(a) Assaulted, battered, struck, kicked, punched, and/or kneed, and used excessive, and/or deadly force upon Decedent without adequate cause, reason or justification;

(b) Knowingly, willfully, and/or intentionally failed and refused to intervene or make any effort to stop or prevent other such members, employees and/or agents from assaulting, battering, striking, kicking, punching, and/or kneeing Decedent;

(c) Knowingly, willfully, and/or intentionally failed and refused to timely and properly report the wrongful conduct of other such members, employees and/or agents; and

(d) Knowingly, willfully and/or intentionally aided, abetted and entered into a conspiracy to assault, batter and inflict emotional distress on Decedent, as well as conceal and "cover-up" the wrongful conduct of other such members, employees and/or agents.

14.   As a direct, proximate, and legal result of the actions of Defendants and each of them, Decedent: (i) suffered blunt force trauma; (ii)  transported after a significant delay to Kern Medical Center; (iii) and pronounced dead at approximately 12:44 a.m. on May 8, 2013 as a direct, proximate, and legal result of said blunt force trauma.

15.   Defendants, and each of them, owed a duty to Plaintiffs and to Decedent to avoid causing, without adequate cause, justification or provocation: (a) Decedent to be subjected to being placed in fear of physical touching; (b) Decedent to be subjected to physical attacks upon his person; (c) Decedent's death; and (d) Plaintiffs to lose their familial relationship with, and the love, society, affection, companionship, contributions and support of, Decedent.

16.   Defendants, and each of them, breached their duty to Plaintiffs and to Decedent by negligently, carelessly, recklessly and/or intentionally causing: (a) Decedent to be subjected to being placed in fear of physical touching; (b) Decedent to be subjected to physical attacks upon his person; (c) Decedent's death; and (d) Plaintiffs to lose their familial relationship with, and the love, society, affection, companionship, contributions and support of, Decedent. Decedent was improperly and unreasonably put in fear of physical touching, touched, assaulted and battered, and killed by Defendants SGT. DOUGLAS SWORD, RYAN GREER, TANNER MILLER, JEFFREY KELLY, LUIS ALMANZA, BRIAN BROCK, and DAVID STEPHENS, and/or DOES 1 to 50, who at that time were Deputies, employees, agents and/or under the supervision and control of Defendant COUNTY OF KERN, Defendant KERN COUNTY SHERIFF'S DEPARTMENT, Defendant SHERIFF DONNY YOUNGBLOOD, and Defendant Does 51-100.

17.     In so doing the aforementioned, Defendants, and each of them, pursued an outrageous course of conduct, intentionally and/or recklessly, proximately causing: (a) Decedent to be subjected to being placed in fear of physical touching; (b) Decedent to be subjected to physical attacks upon his person; (c) Decedent's death; and (d) Plaintiffs to lose their relationship with, and the love, society, affection, companionship, contributions and support of, Decedent.

18.     At all times mentioned herein, it was foreseeable to Defendants, and each of them, that as a direct, proximate and legal result of their conduct, as alleged herein, Plaintiffs would be caused to suffer: (a) the loss of their familial relationship with Decedent; (b) the loss of Decedent's love, society, affection, companionship, contributions and support; and (c) severe emotional distress, shock and other highly unpleasant emotions.

19.     Plaintiffs are informed and believe, and upon such information and belief, allege that Defendants, and each of them, acted negligently and carelessly and that they failed to properly direct, control, maintain and supervise the duties and activities of their Sheriffs Deputies, officers, agents and/or employees to prevent assaults, unwanted touching, harassment and physical attacks on persons without cause or provocation.

20.     Defendants, and each of them, and/or their officers, employees and/or agents, did negligently, carelessly, recklessly and/or intentionally conduct themselves so as to cause Decedent to suffer an unwanted touching thereby directly and proximately causing: (a) Decedent's physical injuries and emotional distress as alleged herein; (b) Decedent's death; (c) Plaintiffs' loss of their familial relationship with Decedent; and (d) Plaintiffs' loss of Decedent's love society, affection, companionship, contributions and support.

21.     Defendants, and each of them, and/or their agents and/or employees, used threats, force, unwanted touching and violence upon Decedent and on and about his body in a willful, malicious, reckless, negligent and unlawful manner and without just cause or

provocation and with the intent to do bodily harm and/or with the conscious disregard of the consequences to Plaintiffs and Decedent, thereby causing: (a) Decedent to be subjected to being placed in fear of physical touching; (b) Decedent to be subjected to physical attacks upon his person; (c) Decedent's death; and (d) Plaintiffs to lose their familial relationship with, and the love, society, affection, companionship, contributions and support of, Decedent.

22.     Plaintiffs are informed and believe, and upon such information and belief allege that Defendants, and each of them, are responsible for implementing, maintaining, sanctioning and/or condoning a policy, custom or practice under which the Sheriff's deputies, and the Defendants' agents, officers and/or their employees, committed the aforementioned illegal or wrongful acts.  Plaintiffs are informed and believe that the conduct of said Deputies, officers, agents and/or employees of Defendant KERN COUNTY SHERIFF'S DEPARTMENT is/was consistent with the training and the policies set forth by the Defendant COUNTY OF KERN, DEFENDANT KERN COUNTY SHERIFF'S DEPARTMENT, Defendant SHERIFF DONNY YOUNGBLOOD and Defendant Does 51-100, inclusive, and/or that such conduct of excessive force assaults and unwanted touching is/was ratified by Defendant SHERIFF DONNY YOUNGBLOOD, Defendant KERN COUNTY SHERIFF'S DEPARTMENT, Defendant COUNTY OF KERN and Defendant Does 51-100, inclusive.

23.     Each of the Defendants is responsible for implementing, maintaining, sanctioning and/or condoning a policy, custom or practice under which the Defendants' agents, officers and/or their employees and other Defendants committed the aforementioned illegal or wrongful acts.  Defendants, and each of them, maintained or permitted an official policy or custom of knowingly permitting the occurrence of the type of wrong set forth above, and based upon the principles set forth herein.

24.     Plaintiffs allege that all of the above was done consciously, deliberately and in defiance of the laws of the United States and the State of California.  All of the

1  Defendant participants were acting under color of law at the time they obstructed justice

2  and denied Plaintiffs' due process.

3       25.    Each of the Defendants is responsible for implementing, maintaining,

4  sanctioning and/or condoning a policy, custom or practice under which the deputies and

5  other Defendants committed the aforementioned illegal or wrongful acts.  Defendants,

6  and each of them, maintained or permitted an official policy or custom of knowingly

7  permitting the occurrence of the type of wrong set forth above, and based upon the

8  principles set forth herein.

9       26.    The negligence and other wrongful conduct on the part of Defendants, and

10 each of them, is not limited to those negligent/intentional acts or omissions on the part of

11 the known and unknown public employees involved in the assaulting, and battering, but

12 also includes the negligent hiring, retaining, appointing, selecting, training, disciplining

13 and/or supervising of Defendants' Deputies, officers, employees and/or agents.  The

14 foregoing acts and omissions on the part of Defendants, and each of them, were the

15 direct, proximate and legal cause of the damages sustained by Plaintiffs and Decedent.

16      27.    As a direct, proximate and legal result of the aforementioned conduct of

17 Defendants, and each of them, Plaintiffs have been obliged to expend or incur liability for

18 cost of suit and related expenses, set amount not yet fully ascertained, but which will be

19 submitted at the time of trial.

20      28.    As a further direct, proximate and legal result of the aforementioned conduct

21 of Defendants, and each of them, Plaintiffs have suffered general and special damages in

22 an amount according to proof at the time of trial.

23      29.    To Plaintiffs' current knowledge, the public employees responsible for

24 Plaintiffs' injuries include, but are not limited to, SGT. DOUGLAS SWORD, RYAN

25 GREER, TANNER MILLER, JEFFREY KELLY, LUIS ALMANZA, BRIAN BROCK,

26 and DAVID STEPHENS.  The names and identities of all public employees responsible

27 for Plaintiffs' injuries are unknown to Plaintiffs at this time.

30.    As a direct, proximate and legal result of the aforementioned conduct of Defendants, and each of them, Plaintiffs have incurred funeral and burial expenses for Decedent, David Sal Silva.  Plaintiffs have suffered the loss of their father, David Sal Silva, and his love society, affection, companionship, contributions and support.

31.    As a direct, proximate, and legal result of the actions of Defendants alleged above, Decedent: (a) suffered blunt force trauma; (b) transported after a significant delay to Kern Medical Center; and (c) pronounced dead at approximately 12:44 a.m. on May 8, 2013 as a result of said trauma.

## FIRST CAUSE OF ACTION

**[Violation of 42 U.S.C. 1983: Denial of Rights Under the United States Constitution, Use of Excessive Force In Violation Of The Fourth And Fourteenth Amendments. Against Defendants County Of Kern, Kern County Sheriff's Department, Sheriff Donny Youngblood, Sgt. Douglas Sword, Ryan Greer, Tanner Miller, Jeffrey Kelly, Luis Almanza, Brian Brock, David Stephens, and DOES 1 to 100, inclusive.]**

32.    Plaintiffs reallege and incorporate by reference paragraphs 1 through 31, inclusive, as though fully set forth herein.

33.    Plaintiffs assert this First Cause of Action for the violation by Defendants of Decedent's rights secured by the Fourth and Fourteenth Amendments to the United States Constitution pursuant 42 U.S.C. §§ 1983, 1988.

34.    Defendants SGT. DOUGLAS SWORD, RYAN GREER, TANNER MILLER, JEFFREY KELLY, LUIS ALMANZA, BRIAN BROCK, and DAVID STEPHENS, and/or DOES 1 to 50, while acting within the course and scope of their authority and under color of law, used excessive and objectively unreasonable threats of force, force and violence against Decedent.

35.    In addition and/or in the alternative to the allegations of paragraph 34 above, Defendants SGT. DOUGLAS SWORD, RYAN GREER, TANNER MILLER, JEFFREY KELLY, LUIS ALMANZA, BRIAN BROCK, and DAVID STEPHENS, and/or DOES 1

to 50, while acting within the course and scope of their authority and under color of law, and in performing the acts alleged above, acted with deliberate indifference, as explained in, e.g., Redman v. County of San Diego, 942 F.2d 1435, 1443 (9th Cir.1991), cert. denied, 112 S.Ct. 972 (1992), to Decedent's right to be free from punishment.

36.    In addition and/or in the alternative to the allegations of paragraphs 34 and 35, above, Defendants SGT. DOUGLAS SWORD, RYAN GREER, TANNER MILLER, JEFFREY KELLY, LUIS ALMANZA, BRIAN BROCK, and DAVID STEPHENS, and/or DOES 1 to 50, while acting within the course and scope of their authority and under color of law, used excessive threats of force, force and violence that amounted to punishment, as explained in, e.g., Graham v. Connor, 490 U.S. 386, 395 n.10, 109 S.Ct. 1865, 1871 n.10, 104 L.Ed.2d 443 (1989), against and upon the Decedent in a willful, malicious, and unlawful manner and without cause, provocation or legal justification thereby causing severe personal injuries to Decedent.

38.    Plaintiffs allege, on information and belief, that Defendant SHERIFF DONNY YOUNGBLOOD and other unknown officers and supervising personnel, sued herein as DOES 51 through 100, inclusive, knew that Defendants SGT. DOUGLAS SWORD, RYAN GREER, TANNER MILLER, JEFFREY KELLY, LUIS ALMANZA, BRIAN BROCK, and DAVID STEPHENS, and/or DOES 1 to 50, inclusive, had placed Decedent in a dangerous situation; each had the authority and responsibility to order the involved officers to cease their unlawful activities, but each failed and refused to prevent or stop said officers from assaulting and battering the Deceased.

39.    Defendants COUNTY OF KERN, KERN COUNTY SHERIFF'S DEPARTMENT, SHERIFF DONNY YOUNGBLOOD, and Does 51 through 100, inclusive, are responsible for implementing, maintaining, sanctioning and/or condoning policies, customs and/or practices with the respect to the use of force by officers employed and under the supervision of said Defendants.

40.     Plaintiffs are informed, believe and therefore allege that the above-alleged conduct of Defendants SGT. DOUGLAS SWORD, RYAN GREER, TANNER MILLER, JEFFREY KELLY, LUIS ALMANZA, BRIAN BROCK, and DAVID STEPHENS, and/or DOES 1 to 50, was consistent with the polices, customs and practices set forth by Defendants COUNTY OF KERN, KERN COUNTY SHERIFF'S DEPARTMENT, SHERIFF DONNY YOUNGBLOOD, and DOES 51-100, inclusive, regarding the use of force, and that the use of force by Defendants SGT. DOUGLAS SWORD, RYAN GREER, TANNER MILLER, JEFFREY KELLY, LUIS ALMANZA, BRIAN BROCK, and DAVID STEPHENS, and/or DOES 1 to 50 was ratified by Defendants COUNTY OF KERN, KERN COUNTY SHERIFF'S DEPARTMENT, SHERIFF DONNY YOUNGBLOOD, and DOES 51 through 100, inclusive and each of them.

41.     Plaintiffs are informed, believe and therefore allege that at all relevant times, Defendants COUNTY OF KERN, KERN COUNTY SHERIFF'S DEPARTMENT, SHERIFF DONNY YOUNGBLOOD, and DOES 51-100, inclusive, and each of them, knew or should have known that Defendants' customs, practices, policies regarding the use of force were so inadequate that it was obvious that a failure to correct them would result in future incidents of excessive force by their subordinates, officers, employees and/or agents. Said Defendants, and each of them, knew or should have known that acts and/or omissions similar to those complained of herein were likely to occur.

42.     At all relevant times, Defendants COUNTY OF KERN, KERN COUNTY SHERIFF'S DEPARTMENT, SHERIFF DONNY YOUNGBLOOD, and DOES 51-100, inclusive, authorized and/or acquiesced in the aforementioned customs, practices, policies and the commission of the type of acts by its officers similar to those which are alleged herein to have caused the injuries to Decedent.  Furthermore, said Defendants were deliberately indifferent to the probability of the occurrence of such acts and failed to correct said customs, practices and policies, thereby causing excessive force to be applied to Decedent.

43.   Defendants COUNTY OF KERN, KERN COUNTY SHERIFF'S DEPARTMENT, SHERIFF DONNY YOUNGBLOOD, and DOES 51-100 and each of them, maintained or permitted an official policy, custom or practice of knowingly permitting the occurrence of the type of wrongs set forth above and, based upon the principles set forth in Monell v. New York City Department of Social Services, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978) and City of Canton, Ohio v. Harris, 489 U.S. 378, 109 S.Ct. 1197, 103 L.Ed.2d 412  (1989),  are liable for all injuries sustained by Decedent as set forth herein.

44.   Defendants COUNTY OF KERN, KERN COUNTY SHERIFF'S DEPARTMENT, SHERIFF DONNY YOUNGBLOOD, and DOES 51-100 and each of them, were objectively deliberately indifferent, as elucidated in, e.g., Farmer v. Brennan, 511 U.S. 825, 841, 114 S.Ct. 1970, 1981, 128 L.Ed.2d 811 (1994), City of Canton, Ohio v. Harris, 489 U.S. 378, 396, 109 S.Ct. 1197, 1208, 103 L.Ed.2d 412 (1989) (O'Connor, J., concurring in part, dissenting in part), and Gibson v. County of Washoe, 290 F.3d 1175, 1198 n.1 (9th Cir. 2002), cert. denied, 537 U.S. 1106, 123 S.Ct. 872, 154 L.Ed.2d 775 (2003), to the practice of members, employees and/or agents of Defendant KERN COUNTY SHERIFF'S DEPARTMENT using excessive and unreasonable threat of force, force and violence against and upon detainees in a willful, malicious, and unlawful manner and without cause, provocation or legal justification, and with the intent to do great bodily harm to such pretrial detainees.

45.   Defendants COUNTY OF KERN, KERN COUNTY SHERIFF'S DEPARTMENT, SHERIFF DONNY YOUNGBLOOD, and DOES 51-100 and each of them, had actual and/or constructive knowledge, as explained in, e.g., Farmer v. Brennan, 511 U.S. 825, 841, 114 S.Ct. 1970, 1981, 128 L.Ed.2d 811 (1994),  City of Canton, Ohio v. Harris, 489 U.S. 378, 396, 109 S.Ct. 1197, 1208, 103 L.Ed.2d 412 (1989) (O'Connor, J., concurring in part, dissenting in part), and Gibson v. County of Washoe, 290 F.3d 1175, 1186 (9th Cir. 2002), cert. denied, 537 U.S. 1106, 123 S.Ct. 872, 154 L.Ed.2d 775

(2003), that it was the practice of members, employees and/or agents of Defendant KERN COUNTY SHERIFF'S DEPARTMENT to use excessive and unreasonable threats of force, force and violence against and upon detainees in a willful, malicious, and unlawful manner and without cause, provocation or legal justification, and with the intent to do great bodily harm to such detainees.

46.    By reason of the Defendants' conduct, as alleged herein, Decedent was deprived, under color of law, of rights, privileges, immunities, and substantive and procedural due process, as guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution to be secure in person and not to be subjected to the use of unwarranted, unjustified and excessive force.  Plaintiffs, as one of Decedent's successors in interest, is therefore entitled to recover damages pursuant to 42 U.S.C. § 1983.

47.    The above described policies, customs and practices of Defendants COUNTY OF KERN, KERN COUNTY SHERIFF'S DEPARTMENT, SHERIFF DONNY YOUNGBLOOD, and DOES 51-100, inclusive, demonstrate a deliberate indifference on the part of policymakers of the COUNTY OF KERN to the constitutional rights of persons within the County, including Plaintiffs and Decedent, and were the cause of the violations of Plaintiffs' and Decedent's rights alleged herein.

48.    As a direct and proximate result of the acts of Defendants, Decedent suffered, and thus Plaintiffs seek to recover, general and special damages, including but not limited to the loss of liberty, medical expenses, lost earnings, and loss of earning capacity, as well as, for the reasons enunciated in, e.g., Garcia v. Whitehead, 961 F.Supp. 230, 232-33 (C.D. Cal. 1997), Williams v. City of Oakland, 915 F.Supp. 1074, 1079-80 (N.D. Cal. 1996, in an amount according to proof at trial.

49.    The aforementioned conduct of the individual Defendants, was done maliciously, oppressively and with an intent to injure Decedent and in conscious disregard for the rights and safety of Decedent, such that an award of exemplary and

punitive damages should be imposed against said individual Defendants in an amount to be proven at trial.

## SECOND CAUSE OF ACTION

**[Violation of 42 U.S.C. 1983: Denial of Rights under the United States Constitution, Substantive Due Process Under the Fourteenth Amendment, Against Defendants County Of Kern, Kern County Sheriff's Department, Sheriff Donny Youngblood, Sgt. Douglas Sword, Ryan Greer, Tanner Miller, Jeffrey Kelly, Luis Almanza, Brian Brock, David Stephens, and DOES 1 to 100, inclusive.]**

50.     Plaintiffs reallege and incorporate by reference paragraphs 1 through 49, inclusive, as though fully set forth herein.

51.     Plaintiffs assert this Second Cause of Action for the violation by Defendants of their own rights under the Fourteenth Amendment to the United States Constitution to a familial relationship and companionship with Decedent pursuant to 42 U.S.C. § 1983, in his individual capacity.

52.     In engaging in the actions alleged above, Defendants SGT. DOUGLAS SWORD, RYAN GREER, TANNER MILLER, JEFFREY KELLY, LUIS ALMANZA, BRIAN BROCK, and DAVID STEPHENS, and/or DOES 1 to 50  were deliberately indifferent to, or acted with reckless disregard of, as explained in, e.g., Byrd v. Guess, 137 F.3d 1126, 1134 (9th Cir. 1998), cert. denied, 525 U.S. 963, 119 S.Ct. 405, 142 L.Ed.2d 329 (1998), and Smoot v. City of Placentia, 950 F.Supp. 282, 283 (C.D. Cal. 1997), Plaintiffs' rights under the Fourteenth Amendment to the United States Constitution to a familial relationship and companionship with Decedent by unlawfully using excessive and cumulatively deadly force against the Deceased, resulting in the death of Decedent and the termination of said relationship.

53.     In addition and/or in the alternative to the allegations of paragraph 52 above, Plaintiffs are informed, believe and therefore allege that, in performing the actions alleged

above, Defendants SGT. DOUGLAS SWORD, RYAN GREER, TANNER MILLER, JEFFREY KELLY, LUIS ALMANZA, BRIAN BROCK, and DAVID STEPHENS, and/or DOES 1 to 50 acted with a purpose, as explained in, e.g., County of Sacramento v. Lewis, 523 U.S. 833, 118 S.Ct. 1708, 1711-12 (1998), and Moreland v. Las Vegas Metropolitan Police Dept., 159 F.3d 365, 372-73 (9th Cir. 1998), to cause harm unrelated to legitimate use of force necessary to protect the public and themselves.

54.   Defendants COUNTY OF KERN, KERN COUNTY SHERIFF'S DEPARTMENT, SHERIFF DONNY YOUNGBLOOD, and DOES 51-100 and each of them, were objectively deliberately indifferent, as explained in, e.g., Farmer v. Brennan, 511 U.S. 825, 841, 114 S.Ct. 1970, 1981, 128 L.Ed.2d 811 (1994), City of Canton, Ohio v. Harris, 489 U.S. 378, 396, 109 S.Ct. 1197, 1208, 103 L.Ed.2d 412 (1989) (O'Connor, J., concurring in part, dissenting in part), and Gibson v. County of Washoe, 290 F.3d 1175, 1198 n.1 (9th Cir. 2002), cert. denied, 537 U.S. 1106, 123 S.Ct. 872, 154 L.Ed.2d 775 (2003), to the practice of members, employees and/or agents of Defendant KERN COUNTY SHERIFF'S DEPARTMENT of depriving the family members of detainees of their substantive due process rights under the Fourteenth Amendment to a familial relationship with said detainees by unlawfully using excessive and/or deadly force against said detainees, resulting in injury to, and/or the death of, such detainees, and the subsequent substantial impairment and/or termination of said familial relationships.

55.   Defendants COUNTY OF KERN, KERN COUNTY SHERIFF'S DEPARTMENT, SHERIFF DONNY YOUNGBLOOD, and DOES 51-100 and each of them, had actual and/or constructive knowledge, as elucidated in, e.g., Farmer v. Brennan, 511 U.S. 825, 841, 114 S.Ct. 1970, 1981, 128 L.Ed.2d 811 (1994), City of Canton, Ohio v. Harris, 489 U.S. 378, 396, 109 S.Ct. 1197, 1208, 103 L.Ed.2d 412 (1989) (O'Connor, J., concurring in part, dissenting in part), and Gibson v. County of Washoe, 290 F.3d 1175, 1186 (9th Cir. 2002), cert. denied, 537 U.S. 1106, 123 S.Ct. 872, 154 L.Ed.2d 775 (2003), that it was the practice of members, employees and/or agents of Defendant KERN COUNTY

SHERIFF'S DEPARTMENT to deprive the family members of detainees of their substantive due process rights under the Fourteenth Amendment to a familial relationship with said detainees by unlawfully using excessive and/or deadly force against said detainees, resulting in injury to, and/or the death of, such detainees, and the subsequent substantial impairment and/or termination of said familial relationships.

56.   As a direct and proximate result of the wrongful acts and omissions of Defendants and each of them, as alleged hereinabove, defendants have deprived Plaintiffs of the life of his father, and of his love, comfort, affection, society and support, all to their general damage in an amount to be established at the time of trial.

57.   As a direct and proximate cause of the above referenced conduct of Defendants, and each of them, Plaintiffs have suffered damages as alleged herein.

58.   The aforementioned conduct of the individual Defendants was done maliciously, oppressively and with an intent to deprive Plaintiffs of their right to a familial relationship with the Decedent, such that an award of exemplary and punitive damages should be imposed against said individual Defendants in an amount to be proven at trial.

## THIRD CAUSE OF ACTION

**[Conspiracy To Violate Civil Rights In Violation Of 42 U.S.C. 1983.  Against Defendants County Of Kern, Kern County Sheriff's Department, Sheriff Donny Youngblood,  Sgt. Douglas Sword, Ryan Greer, Tanner Miller, Jeffrey Kelly, Luis Almanza, Brian Brock, David Stephens and DOES 1 to 100, inclusive.]**

59.   Plaintiffs reallege and incorporate by reference paragraphs 1 through 58, inclusive, as though fully set forth herein.

60.   Plaintiffs assert this Third Cause of Action for Conspiracy To Violate Civil Rights In Violation Of 42 U.S.C. 1983 both in their individual capacity and in their capacity as  Decedent's successors in interest, pursuant to 42 U.S.C. §§ 1983, 1988.

61.     Defendants SGT. DOUGLAS SWORD, RYAN GREER, TANNER MILLER, JEFFREY KELLY, LUIS ALMANZA, BRIAN BROCK, and DAVID STEPHENS, and DOES 1 to 50 entered into a civil conspiracy and agreement, within the meaning of, e.g., Mendocino Environmental Center v. Mendocino County, 192 F.3d 1283, 1301-1302 (9th Cir. 1999), and Hampton v. Hanrahan, 600 F.2d 600, 620-21 & n.19 (7th Cir. 1979), overruled on other grounds, 446 U.S. 754 (1979), to violate the civil rights of: (a) Decedent, by assaulting, battering, kicking, punching and using excessive, and ultimately deadly, force upon Decedent without cause, reason or justification; and (b) Plaintiffs, by depriving Plaintiffs of their familial relationship with, and the love, society, affection, companionship, contributions and support of, Decedent by harming, injuring and ultimately killing Decedent.  In addition to the conduct alleged above, said conspiracy and agreement is evidenced by the fact, inter alia, that said Defendants aided, abetted, approved, ratified and/or deliberately and knowingly failed, refused and/or refrained from intervening in or stopping the assault and battery upon Decedent, and/or deliberately and knowingly failed, refused and/or refrained from promptly and accurately reporting the incident to their superiors and/or other appropriate authorities.

62.     Defendants COUNTY OF KERN, KERN COUNTY SHERIFF'S DEPARTMENT, SHERIFF DONNY YOUNGBLOOD, and DOES 51 through 100 are legally responsible for, and indeed proximately and legally caused, the damages alleged herein for the factual and legal reasons alleged above and incorporated herein by reference.

///
///
///
///
///
///

## ATTORNEYS' FEES AND COSTS

63.    Plaintiffs reallege and incorporate by reference paragraphs 1 through 62, inclusive, as though fully set forth herein.

64.    Pursuant to the provisions of 42 U.S.C. § 1988, Plaintiffs are entitled to and demand an award of reasonable attorneys' fees and costs attendant to prosecuting this action in an amount to be determined according to proof at trial.

WHEREFORE, Plaintiffs seek damages as follows:

(a)    General damages – In an amount to be proven at trial;

(b)    Special damages – In an amount to be proven at trial;

(b)    Punitive damages – Against the individual Defendants, in an amount to be proven at trial;

(d)    Attorneys' fees and costs of suit incurred herein; and

(e)    For such other and further relief as the Court deems just and proper.

**PLAINTIFFS DEMAND A TRIAL BY JURY**

Dated:  July 8, 2013                                    RODRIGUEZ & ASSOCIATES

By: _____
DANIEL RODRIGUEZ, ESQ.
Attorneys for Plaintiffs Tara Garlick;
MLS, CJS, CRS, EZS, minors by and
through their guardian ad litem,
Tara Garlick