UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TARA GARLICK, et al., <br><br> Plaintiffs, <br><br> v. <br><br> COUNTY OF KERN, et al., <br><br> Defendants. | Case No.: 1:13-cv-01051 – LJO -JLT <br><br> ORDER GRANTING IN PART THE PETITION OF TARA GARLICK WITHDRAWING AS GUARDIAN AD LITEM <br><br> ORDER APPOINTING JUDY SILVA AS GUARDIAN AD LITEM FOR MINOR PLAINTIFFS MLS, CJS, CRS, AND EZS |

On July 12, 2013, the Court granted a petition to appoint Plaintiff Tara Garlick as guardian ad litem for her minor children, plaintiffs MLS, CJS, CRS and EZS. (Doc. 12). For reasons that are not set forth, now before the Court is the petition of Ms. Garlick to be relieved as the GAL. (Doc. 13) In addition, there are the competing petitions of Ms. Garlick who seeks to substitute Joseph Etienne[1] as the guardian ad litem (Doc. 13) and Merri Silva, the paternal grandmother of the minor plaintiffs, who seeks to have herself or, in the alternative, her daughter, Judy Silva, appointed as the guardian ad litem. (Docs. 14, 16).

For the following reasons, Ms.Garlick's petition is **GRANTED in PART** and **DENIED in PART**, Merri Silva's petition to be appointed guardian ad litem for MLS, CJS, CRS and EZS is **DENIED** and Judy Silva's petition to be appointed guardian ad litem for MLS, CJS, CRS and EZS is **GRANTED**.

---

[1] Mr. Etienne is a well-respected, professional fiduciary.

1

## I.      Legal Standard

Pursuant to the Federal Rules of Civil Procedure, "[a] minor . . . who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem." Fed. R. Civ. P. 17(c)(2). In addition, a court "must appoint a guardian ad litem - or issue another appropriate order - to protect a minor or incompetent person who is unrepresented in an action." *Id*.

Because MLS, CJS, CRS and EZS reside Bakersfield, California (Doc. 12 at 1), the law of the State of California governs. Under California law, an individual under the age of eighteen is a minor, and a minor may bring suit as long as a a guardian conducts the proceedings. Cal. Fam. Code §§ 6502, 6601. Because MLS, CJS, CRS and EZS are minors, they lack the capacity to prosecute this action absent appointment of a guardian ad litem to represent the minor's interests. Cal. Code Civ. P. § 372(a).

In determining whether to appoint a particular guardian ad litem, the Court must consider whether the minor and the guardian have divergent interests. Cal. Code Civ. P. § 372(b)(1). "When there is a potential conflict between a perceived parental responsibility and an obligation to assist the court in achieving a just and speedy determination of the action, a court has the right to select a guardian ad litem who is not a parent if that guardian would best protect the child's interests." *Williams v. Super. Ct.*, 147 Cal. App. 4th 36, 38 (Cal. Ct. App. 4th 2007) (internal quotation marks and citation omitted). "[I]f the parent has an actual or potential conflict of interest with his child, the parent has no right to control or influence the child's litigation." *Id.* at 50.

## II.     Discussion

Minor plaintiffs MLS, CJS, CRS and EZS are the paternal grandchildren of Merri Silva. (Doc. 14 at 4). After the Court appointed their biological mother, Ms. Garlick, to be their guardian ad litem, Merri Silva was appointed the temporary guardian of the children in Kern County Superior Court, Case No. S-1501-PB-63147. *Id.* Ms. Garlick seeks to have Mr. Etienne appointed as the GAL.

Merri Silva objects to the appointment of Mr. Etienne as a guardian ad litem because "he bears no relation whatsoever to the four minor children." (Doc. 14 at 3)  Given he seeks appointment, not at his own behest but at the mother's, militates against the concerns expressed in *Whitmore v. Arkansas*, 495 U.S. 149, 165 (1990). Moreover, exactly how his lack of relationship bears on Mr. Etienne's

suitability to make decisions for the children as to the conduct of this litigation, is not explained by Ms. Silva.  Indeed, the only disadvantage to Mr. Etienne's appointment that the Court can see is that he would be entitled to fees for acting in this capacity and a relative would, seemingly, be willing to act in this capacity without recompense.

On the other hand, Ms. Silva argues that no one, other than her, should be appointed because it "would have the effect of appointing a guardian ad litem in an action where the minors are already represented by someone – Merri Silva – who is considered appropriate under California law." *Id.* at 3 (citing *T.W. by Enk v. Brophy*, 124 F.3d 893, 895 (7th Cir. 1997) ("[u]nless. . . the court finds the child's general representative to be inadequate, it should not allow the general representative to be by passed by appointing a special representative to litigate on behalf of his ward").  Notably here, while there is no dispute Merri Silva is vested with the authority to make decisions about the persons of the children, there is no showing that she has the authority to manage the affairs of the children. See *T.W. by Enk*, at 895.  Ms. Garlick claims Merri Silva has not been awarded guardianship of the estates of the children and, the temporary guardianship seems to support this.  (Doc. 15 at 16)  In her reply, Merri Silva does not dispute that she does not have guardianship of the estates of the children. (Doc. 16)  However, there is no information provided as to the authority she is seeking under the permanent letters of guardianship.  In any event, the fact she has been appointed as the temporary guardian does not vest her with the authority to act in this litigation for the children automatically nor does it necessarily, give her priority when evaluating who should assume this role.

On the other hand, Ms. Garlick objects to the appointment of Ms. Silva because Ms. Silva "has asserted her own individual claim in the alleged wrongful death of her son." (Doc. 15 at 2).  Because Ms. Silva has presented her own claim for recovery of damages, Ms. Garlick asserts "there is an actual conflict and adverse interest" between Ms. Garlick and MLS, CJS, CRS, and EZS.  *Id.*

Notably, California Civil Code § 377.60 permits the parent of the decedent to pursue a wrongful death action if she was dependent on the decedent. Notably, only one wrongful death action is permitted such that *all* heirs to the estate must join or be joined in the litigation.  *Adams v. Superior Court*, 196 Cal.App.4th 71, 76-77 (2011).  Here, Ms. Garlick purports to prosecute this action—not on her own behalf—but on behalf of the estate as the successor-in-interest.  Thus, none of the heirs need

3

join it though, of course, the children are parties already.  On the other hand, Ms. Silva gratuitously asserts that Ms. Garlick *is not* a successor-in-interest.  This raises the specter that Ms. Silva may seek to join the lawsuit or will be joined as a nominal defendant.  Though the Court is not convinced that this creates an actual conflict of interest, there is a potential that the heirs, including Ms. Silva, will negotiate a settlement which could place her interests at odds with those of the minors.  The fact that a settlement would have to be approved by the Court fails to ameliorate this conflict.  At such a hearing, the GAL would have to provide a sufficient basis that the settlement is in the children's best interest.  Clearly, if the GAL's judgment is clouded by self-interest, her opinion that the settlement is in the children's best interest is subject to question and the outcome for the children could be compromised.

Ms. Silva, seemingly, appreciates this potential conflict because she suggests that her daughter, the paternal aunt to the children—Judy Silva—should be appointed as the GAL if Merri Silva is not.  Judy Silva asserts she is the paternal aunt to the children but offers very little more relating to the nature of her relationship with the children.  She does not attest that she is unequivocally committed to the children's best interest or that she will not seek a fee; however, never does Mr. Etienne.  Like Mr. Etienne, she is not a claimant on the estate and has no identified potential or actual fiduciary conflicts.  Thus, she is a preferred GAL to Mr. Etienne only because she is a family member. *Whitmor*, 495 U.S. at 165.

Notably, Ms. Garlick opposes Judy Silva being appointed as the GAL.  (Doc. 18)  Seemingly, her objection is based upon the fact that Ms. Garlick is the current GAL and only she should be able to select the successor GAL.  However, the selection of a GAL is vested in the Court's discretion; the decision-making authority is not vested in the former GAL. *Regency Health Services, Inc. v. Super. Ct.*, 64 Cal.App.4th 1496, 1502 (1998).   Based upon the foregoing, the Court will appoint Judy Silva as the successor GAL.[2]

---

[2] The Court is concerned about what appears to be a power-play between the maternal and paternal relatives.  Given this, the Court emphatically states that it **will not** tolerate anyone—most especially the GAL—compromising the best interests of the children to further some peripheral grudge.  The GAL is subject to the ongoing supervision of the Court and **no one** will be permitted to interfere with the GAL's obligation to further the best interests of the children in this litigation **without regard** for the wishes of the mother, the grandmother or anyone else.  The GAL has an ongoing duty to the Court and any failure to observe the obligations of her office will result, at a minimum, in the Court removing her from this role. *Golin v. Allenby*, 190 Cal.App.4th 616, 644, (2010); *Regency*, at 1502 (1998).

4

### III. Conclusion and Order

The decision whether to appoint a guardian ad litem is "normally left to the sound discretion of the trial court." *United States v. 30.64 Acres of Land, etc.*, 795 F.2d 796, 804 (9th Cir. 1986). Here, unlike Merri Silva, it does not appear Judy Silva has interests that conflict with the interests of MLS, CJS, CRS and EZS and unlike Mr. Etienne, Ms. Silva has a familial bond to the minors. Therefore, the Court is acting within its discretion to grant the petition of Ms. Silva to be appointed as guardian ad litem for MLS, CJS, CRS and EZS.

Accordingly, **IT IS HEREBY ORDERED**:

1. The petition of Tara Garlick to withdraw as guardian ad litem is **GRANTED**;
2. The petition of Tara Garlick to substitute Joseph Etienne as guardian ad litem is **DENIED**;
3. The petition for appointment of Merri Silva as guardian ad litem is **DENIED**;
4. The petition for appointment of Judy Silva as guardian ad litem is **GRANTED**; and
5. Judy Silva is **APPOINTED** to act as guardian ad litem for Plaintiffs MLS, CJS, CRS and EZS, and is authorized to prosecute this action on their behalf.

IT IS SO ORDERED.

Dated:   **September 23, 2013**              **/s/ Jennifer L. Thurston**
                                              UNITED STATES MAGISTRATE JUDGE