UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TARA GARLICK, et al., <br><br> Plaintiffs, <br><br> v. <br><br> COUNTY OF KERN, et al., <br><br> Defendants. | Case No.: 1:13-cv-01051 – LJO -JLT <br><br> ORDER DENYING MOTION TO AMEND <br><br> (Doc. 40) |

This matter arises out of the death of David Silva which, it is claimed, was caused by the application of excessive and unreasonable use of force by various law enforcement officers. The current parties to the matter include the significant other of the decedent, Tara Garlick, and the couple's four children through their guardian ad litem, Judy Silva. Before the Court is the motion to amend the complaint brought by Judy Silva to add the parents of the decedent, Merri and Sal Silva as plaintiffs, to add J.S., a child of the decedent, as a nominal defendant and to add CHP officers as defendants. In addition, the proposed amended complaint seeks to add additional federal claims and several state law claims and, seemingly, to delete the claims of Ms. Garlick. Because the proposed amended complaint fails to comply with the Local Rules and adds futile claims, the motion to amend is **DENIED without prejudice**.

I.   **The amended complaint supersedes the original complaint**

When plaintiff, Ms. Garlick, refused to join in the amended complaint, the moving parties

1

simply omitted any reference to her or her claims in the proposed amended complaint. They reasoned that the Court simply would proceed with the amended complaint as to the moving parties and refer to the original complaint when considering Ms. Garlick's claims.

Except in circumstances not present here, in general, an amended complaint supersedes previously filed complaints. Lacey v. Maricopa County, 693 F.3d 896, 925-927 (9th Cir. 2012); Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Moreover, Local Rule 220 provides that **"[u]nless prior approval to the contrary is obtained from the Court**, every pleading to which an amendment or supplement is permitted as a matter of right or has been allowed by court order **shall be retyped** and filed **so that it is complete in itself without reference to the prior or superseded pleading**." L.R. 220, emphasis added.

In support for their action in drafting the proposed amended complaint, the moving parties refer to the Court's order requiring that any amended complaint include all of the parties and claims sought to be brought. However, they fail to explain why they believe the proposed amended complaint effectuates this order. The purpose of the order—as explained in detail at the hearing where the order issued—was to *decrease* the number of lawsuits and complaints as to the death of Mr. Silva, not to *increase* them. Thus, because the amended complaint would, in essence, abandon the claims of Ms. Garlick without her consent or would require the Court and the parties to refer to two complaints when proceeding in this action—and prior approval for this tact was not granted by the Court—the motion to amend is **DENIED**.

**II.     Legal standard for amendment under Fed. R. Civ. P. 15**

Under Fed.R.Civ.P. 15(a), a party may amend a pleading once as a matter of course within 21 days of service, or if the pleading is one to which a response is required, 21 days after service of the responsive pleading. "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed.R.Civ.P. 15(a)(2). Because more than 21 days have passed since the filing of the responsive pleadings in this case, leave is required to amend the complaint.

The grant or denial of leave to amend a complaint is in the discretion of the court, Swanson v. United States Forest Service, 87 F.3d 339, 343 (9th Cir.1996), though leave should be freely given when justice so requires. Fed.R.Civ.P. 15(a)(2). "In exercising this discretion, a court must be guided

by the underlying purpose of Rule 15 to facilitate decision on the merits, rather than on the pleadings or technicalities." United States v. Webb, 655 F.2d 977, 979 (9th Cir.1981). Consequently, the policy to grant leave to amend is applied with extreme liberality. Id.

There are several factors a court may consider in deciding whether to grant leave to amend a complaint: (1) whether the plaintiff has previously amended his complaint, (2) undue delay, (3) bad faith, (4) futility of amendment, and (5) prejudice to the opposing party. Loehr v. Ventura County Cmty. Coll. Dist., 743 F.2d 1310, 1319 (9th Cir.1984); Allen v. City of Beverly Hills, 911 F.2d 367, 373 (9th Cir.1990).  However, these factors are not of equal weight.  For example, futility of amendment has been held to be sufficient grounds for denial. Bonin v. Calderon, 59 F.3d 815, 845 (9th Cir. 1995).

### III.    Discussion

In this motion, the minors through their guardian ad litem seek to amend the pleading to add two new CHP defendants and their paternal grandparents to the action and to add a half-sibling as a nominal defendant.  Likewise, the motion seeks to re-craft the complaint by adding factual allegations[1] and by adding several causes of action, including four state law causes of action, which had not been pleaded before.

#### A.    The first three factors support the proposed amendment

As to the first three factors identified above, little analysis is needed.  The moving parties have not filed an amended pleading previously in this case, there does not appear to be any undue delay in seeking this amendment and there is no claim that the moving parties are acting in bad faith in attempting to do so.  Finally, as to the final factor, no defendant claims that amendment would be unduly prejudicial.  Thus, the Court must consider whether the amendment is futile.

#### B.    Futility of the amendment

"[A] proposed amendment is futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." Miller v. Rykoff–Sexton, Inc., 845 F.2d 209, 214 (9th Cir.1988).

---

[1] Much of the amendment seems stylistic in nature rather than substantive.

The state claims brought by Merri and Sal Silva against the County defendants in the proposed amended complaint, appear to be futile.[2] In the amended complaint, the moving parties admit that the California Tort Claims Act claim was denied by the County on July 29, 2013.[3] (Doc. 40-1 at 7) Government Code section 945.6(a)(1) required them to file their complaint within six months after the written rejection of the claim. Because Merri and Sal Silva have not yet filed a complaint, any state law claims against the County or its employees would be barred.

On the other hand, these potential plaintiffs clarify that they do not intend to pursue any state law claims. (Doc. 47 at 8) However, review of the amended complaint does not reflect this intention. For example, the Eighth Claim for Relief indicates that the conduct of the defendants entitle "Plaintiffs to an award of exemplary and punitive damages." (Doc. 40-1 at 21) The claim does not restrict recovery from Merri and Sal Silva. The Ninth, Tenth and Eleventh Claims for Relief explicitly request damages for Merri and Sal Silva. (Id. at 23 ["Plaintiffs Merri Silva and Salvador Silva bring this claim in their individual capacities and seek wrongful death damages for the violation of Decedent's rights."]; Id. at 25 (same); Id. at 27 (same). Thus, as to these claims by Merri and Sal Silva, the proposed amended complaint is futile.

Certain of the defendants argue also that adding the state law claims as to the minors and adding the new defendants[4] violates the statute of limitations because these amendments do not relate back. Seemingly, they argue that the amendment is futile.

In this § 1983 action, the state substantive law applies to determine whether the new causes of

---

[2] Because the moving parties fail to allege in their proposed amended complaint whether they have complied with the California Tort Claims Act as to the state defendants, the Court cannot determine whether these claims are futile. However, of course, this failure makes the complaint vulnerable to a motion to dismiss (State v. Superior Court (Bodde), 32 Cal. 4th 1234, 1239, 90 P.3d 116, 119 (2004)), but this does not mean necessarily that it is futile.

[3] The moving parties allege the claim was denied "by operation of law" (Doc. 40-1 at 7), but notice of this rejection of the claim was given in writing. (Doc. 45-1 at 13) Thus, this writing triggered the six-month complaint filing deadline. Cal. Gov. Code 945.6(a)(1) rather than the two-year period claimed by Merri and Sal Silva.

[4] These defendants argue also that adding the CHP officers and, apparently, the remaining minor child of the decedent will not relate back to the time of the filing of the original complaint. Based upon this, these defendants seem to argue that relation back is a prerequisite for amendment; it is not. Loehr, 743 F.2d at 1319. At most, as demonstrated above, the failure of a new claim or defendant to relate back can demonstrate the amendment is futile due to a violation of the statute of limitations. However, because there is no information that the new claims which add the CHP defendants or the nominal defendant would not be timely if not related back, whether relation back exists does not impact the Court's analysis as to the propriety of the amendment.

1  action relate back.  Merritt v. County of Los Angeles, 875 F.2d 765, 768 (9th Cir. 1989) ["[T]he

2  relation back provisions of state law, rather than Rule 15(c), govern a federal cause of action pursuant

3  to 42 U.S.C. § 1983."]  "The relation-back doctrine requires that the amended complaint must (1) rest

4  on the *same general set of facts*, (2) involve the *same injury*, and (3) refer to the *same instrumentality*,

5  as the original one."  Norgart v. Upjohn Co., 21 Cal. 4th 383, 408-409 (1999), emphasis in the original.

6        Here, in the original complaint, the plaintiffs asserted that the "decedent died as a result of the

7  unreasonable and excessive force used by the six Sheriff's Deputies and Sergeant."  (Doc. 2 at 5)  The

8  complaint then specifically names the deputies and sergeant which they claimed used the excessive

9  force and specifically limited the Doe Defendants to employees or agents of the County of Kern.  Id. at

10  4, 5.  In the proposed amended complaint, the parties persist in the assertion that the decedent was

11  killed through the excessive use of force but now claim that the killers include the existing defendants

12  *and* the CHP defendants.  The proposed amended complaint reads, "Defendants Phillips and Bright

13  proximately caused Decedent's and Plaintiff's injuries by administering the blows that killed him, by

14  integrally participating or failing to intervene in the beating and by engaging in other acts and/or

15  omissions . . ." (Doc. 40-1 at 4) Thus, seemingly, the moving parties now allege a different or, at least,

16  alternative instrumentality for the decedent's death.

17        However, as to the Eighth, Ninth and Eleventh Claims for Relief for false arrest/false

18  imprisonment, battery and violation of the Bane Act, respectively, the moving parties allege the same

19  general facts as before and allege that all of the defendants acted to restrain the decedent's freedom of

20  movement, that each intentionally struck the decedent and that they used force to interfere with the

21  decedent's civil rights.  (Doc. 40-1 at 21-23)  Because these claims do not necessarily implicate the

22  cause of death—such to assert a different instrumentality then alleged previously—the Court finds that

23  the same general facts, the same injuries and the instrumentality used to cause the damages.  Thus, on

24  its face, the amendment in this regard is not futile.

25        As to the Tenth Claim for Relief, the moving parties allege the defendants acted negligently

26  such to cause the decedent to suffer injuries and, ultimately, death.  (Doc. 40-1 at 23 -25)  The moving

27  parties do not attempt to demonstrate that any defendant in particular caused the decedent's death but

28  that the decedent suffered severe pain and death as a result.  Thus, the Court finds that the amendment

relies upon the same general set of facts, alleges the same injuries and does not necessarily allege a different instrumentality than alleged before.  *See* DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 186 (9th Cir.1987) [inferences should be drawn in favor of amendment]. Thus, the Court does not conclude that the relation back doctrine makes this claims futile such to preclude the amendment.

### C.     Conclusion

Though there appears to be no impediment—at least not raised to the Court at this time—to the paternal grandparents, the CHP defendants, the nominal defendant and the state claims as to the minors being added to this litigation, the proposed amended complaint adds futile claims as to Merri and Sal Silva and fails to set forth the claims of Ms. Garlick as required by the Local Rules.  Thus, the motion to amend the complaint is **DENIED.**

### ORDER

Based upon the foregoing, the Court  **ORDERS**:

1.     The motion to amend the complaint (Doc. 40) is **DENIED without prejudice**;

2.     The scheduling conference currently set on March 20, 2014 is **CONTINUED** to **June 2, 2014** at 9:30 a.m.  A joint scheduling conference report SHALL be filed no later than **May 23, 2014**.

IT IS SO ORDERED.

Dated:    **March 4, 2014**               **/s/ Jennifer L. Thurston**
                                              UNITED STATES MAGISTRATE JUDGE