UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TARA GARLICK, et al.,<br><br>           Plaintiffs,<br><br>      v.<br><br>COUNTY OF KERN, et al.,<br><br>           Defendants. | Case No.: 1:13-cv-01051 - LJO - JLT<br><br>ORDER GRANTING JUDY SILVA'S MOTION TO AMEND THE COMPLAINT<br><br>(Doc. 50) |

Plaintiffs M.L.S., C.J.S., C.R.S., and E.Z.S., by and through their guardian ad litem, Judy Silva, seek leave to file an amended complaint to include additional parties and claims. (Doc. 50.) Defendants assert they do not oppose the filing of an amended complaint, but assert the *contents* of the proposed amended complaint are improper. (Docs. 51, 52.) Having reviewed the motion and related documents, the Court finds the matter is suitable for decision without oral argument. Accordingly, the matter is taken under submission pursuant to Local Rule 230(g), and the hearing date of May 9, 2014 is **VACATED**. For the reasons set forth below, Plaintiffs' motion to amend the complaint is **GRANTED**.

**I.      Background**

This matter arises out of the death of David Silva which, it is claimed, was caused by the use of excessive force by law enforcement officers. The current parties to the matter include the significant other of the decedent, Tara Garlick, and the couple's four children through their guardian ad litem, Judy Silva. Before the Court is Judy Silva's motion to amend the complaint to add the parents of the

1

decedent, Merri and Sal Silva, as plaintiffs; to add J.S., a child of the decedent, as a nominal defendant; and to add CHP officers as defendants. Further, the proposed amended complaint seeks to add additional federal claims and several state law claims to those previously alleged. (Doc. 50.)

## II.     Legal Standards for Leave to Amend

Under Fed. R. Civ. P. 15(a), a party may amend a pleading once as a matter of course within 21 days of service, or if the pleading is one to which a response is required, 21 days after service of a motion under Rule 12(b)(e) or (f). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Here, the defendants filed their answers on September 24, 2013 and September 25, 2013. (Docs. 20-21.) Because more than 21 days have passed since the filing of the responsive pleadings, Plaintiffs require either consent of the defendants or leave of the Court to file an amended complaint.

Granting or denying leave to amend a complaint is in the discretion of the Court, *Swanson v. United States Forest Service*, 87 F.3d 339, 343 (9th Cir. 1996), though leave should be "freely give[n] when justice so requires." Fed. R. Civ. P. 15(a)(2). "In exercising this discretion, a court must be guided by the underlying purpose of Rule 15 to facilitate decision on the merits, rather than on the pleadings or technicalities." *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981). Consequently, the policy to grant leave to amend is applied with extreme liberality. *Id.*

There is no abuse of discretion "in denying a motion to amend where the movant presents no new facts but only new theories and provides no satisfactory explanation for his failure to fully develop his contentions originally." *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995); *see also Allen v. City of Beverly Hills*, 911 F.2d 367, 374 (9th Cir. 1990). After a defendant files a responsive pleading, leave to amend should not be granted if "amendment would cause prejudice to the opposing party, is sought in bad faith, is futile, or creates undue delay." *Madeja v. Olympic Packers*, 310 F.3d 628, 636 (9th Cir. 2002) (citing *Yakima Indian Nation v. Wash. Dep't of Revenue*, 176 F.3d 1241, 1246 (9th Cir. 1999)).

## III.     Discussion and Analysis

In evaluating a motion to amend under Rule 15, the Court may consider (1) whether the plaintiff has previously amended his complaint, (2) undue delay, (3) bad faith, (4) futility of amendment, and (5) prejudice to the opposing party. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Loehr v. Ventura County*

*Cmty. Coll. Dist.*, 743 F.2d 1310, 1319 (9th Cir. 1984). These factors are not of equal weight as prejudice to the opposing party is the most critical factor in determining whether to grant leave to amend. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) ("As this circuit and others have held, it is the consideration of prejudice to the opposing party that carries the greatest weight"); *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990).

### A. Prior amendments

The Court's discretion to deny an amendment is "particularly broad" where a plaintiff has amended his complaint previously. *Allen*, 911 F.2d at 373. Though Judy Silva has sought to amend the complaint before, the previous proposed amendment was denied. If granted, this would be the first amendment for Judy Silva. Therefore, this factor does not weigh against granting leave to amend.

### B. Undue delay

By itself, undue delay is insufficient to prevent the Court from granting leave to amend. *Howey v. United States*, 481 F.2d 1187, 1191(9th Cir. 1973); *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1986). However, in combination with other factors, delay may be sufficient to deny amendment. *See Hurn v. Ret. Fund Trust of Plumbing*, 648 F.2d 1252, 1254 (9th Cir. 1981) (finding a delay of two years, "while not alone enough to support denial, is nevertheless relevant"). Evaluating undue delay, the Court considers "whether the moving party knew or should have known the facts and theories raised by the amendment in the original pleading." *Jackson*, 902 F.2d at 1387; *see also Eminence Capital*, 316 F.3d at 1052. In addition, the Court should examine whether "permitting an amendment would . . . produce an undue delay in the litigation." *Id.* at 1387. Here, there does not appear to be any real delay by Silva in seeking this amendment, and the case has not been scheduled. As a result, amendment would not produce a delay in the litigation such that this factor does not weigh against granting amendment.

### C. Bad faith

There is no evidence that Ms. Silva has acted in bad faith in seeking to amend the complaint to include additional parties and claims. Thus, this factor does not weigh against amendment.

### D. Futility of Amendment

"Futility of amendment can, by itself, justify the denial of a motion for leave to amend." *Bonin*,

59 F.3d at 845; *see also Miller v. Rykoff-Sexton*, 845 F.2d 209, 214 (9th Cir. 1988) ("A motion for leave to amend may be denied if it appears to be futile or legally insufficient"). "Futility is analyzed under the same standard of legal sufficiency as a motion to dismiss under Fed. R. Civ. P. 12(b)(6). In other words, leave to amend should not be denied based on futility unless the proposed amended complaint would 'fail to state a claim upon which relief can be granted.'" *SmithKline Beecham Corp. v. Geneva Pharms., Inc.*, 287 F. Supp. 2d 576, 581 (E.D. Pa. 2002). Likewise, a motion for leave to amend is futile if the claims presented can be defeated on a motion for summary judgment. *Gabrielson v. Montgomery Ward & Co.,* 785 F.2d 762, 766 (9th Cir. 1986).

Defendants argue that the proposed amended complaint is futile because the additional state law causes of action and additional defendants do not relate back to the original complaint. (Doc. 51 at 3-4.) Further, Defendants argue that "naming J.S. as a nominal defendant is improper as a matter of law," because "a minor cannot sue or be sued in their own name." (*Id.* at 5.) Finally, Defendants argue the motion for leave to amend should be denied "since Plaintiffs failed to present any evidence that Ms. Garlick has consented to their proposed amended complaint." (*Id.* at 6.)

### 1. Relation back

As an initial matter, relation back is not a prerequisite for amendment. *See Foman*, 371 U.S. at 182; *Loehr*, 743 F.2d at 1319. Regardless, it does not appear the relation back doctrine renders the addition of state claims futile. Under the Federal Rules of Civil Procedure, an amendment to a pleading relates back to the date of the original pleading when "the law that provides the applicable statute of limitations allows relation back." Fed. R. Civ. P. 15(c)(1)(A). Thus, the state substantive law applies to determine whether the new causes of action relate back. *Id.*; *see also Merritt v. County of Los Angeles*, 875 F.2d 765, 768 (9th Cir. 1989) ("the relation back provisions of state law, rather than Rule 15(c), govern a federal cause of action pursuant to 42 U.S.C. § 1983"). Under California law, "The relation-back doctrine requires that the amended complaint must (1) rest on the *same general set of facts*, (2) involve the *same injury*, and (3) refer to the *same instrumentality*, as the original one." *Norgart v. Upjohn Co.*, 21 Cal. 4th 383, 408-409 (1999) (emphasis in the original).

In the original complaint filed by Ms. Garlick, the allegation was that the "decedent died as a result of the unreasonable and excessive force used by the six Sheriff's Deputies and Sergeant." (Doc. 2

at 5.) The complaint specifically identified the deputies and sergeant as those they claimed used the excessive force, and limited the Doe Defendants to employees or agents of the County of Kern. (*Id.* at 4, 5.) In the proposed amended complaint, the Silva maintains the assertion that the decedent was killed through the excessive use of force, but now claim that the actors include the existing defendants *and* the CHP defendants Phillips and Bright. The proposed amended complaint reads: "Defendants Phillips and Bright proximately caused Decedent's and Plaintiffs' injuries by administering the blows that killed him, by integrally participating or failing to intervene in the beating, and by engaging in other acts and/ or omissions . . .." (Doc. 50-1 at 3.) Seemingly, the moving parties now allege a different or an alternative instrumentality for the decedent's death.

Importantly, however, the Eighth, Ninth and Eleventh Claims for Relief for false arrest/false imprisonment, battery and violation of the Bane Act, do not *necessarily* implicate the cause of death. The proposed complaint alleges the same general facts as before, and alleges that all of the officers acted to restrain the decedent's freedom of movement, that each intentionally struck the decedent and that they used force to interfere with the decedent's civil rights. (Doc. 50-1 at 20-23, 25-26.) Thus, it alleges the same general facts, injuries, and instrumentalities were used to cause the damages as in the previous complaint. Further, as to the Tenth Claim for Relief for negligence, the proposed complaint alleges the officers acted negligently such to cause the decedent to suffer injuries and, ultimately, death. (*Id.* at 23-25.) The proposed complaint does not assert any defendant in particular caused the decedent's death, but rather that the decedent suffered severe pain and death as a result of the negligent actions. Thus, the Court finds that the proposed additional claims rely upon the same general set of facts, they allege the same injuries and do not necessarily allege a different instrumentality than alleged previously. *See DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir.1987) (inferences should be drawn in favor of amendment).

2. <u>Addition of J.S. as a nominal defendant</u>

California law permits only one action for wrongful death.[1] *Cross v. Pacific Gas & Elec. Co.*, 60 Cal.2d 690, 694 (1964). All heirs are necessary parties and "plaintiff heirs have a mandatory duty to

---

[1] This begs the question as to how both this action and the companion case filed by J.S. can proceed. However, the Court will address that question in due course.

join all known omitted heirs in the 'single action' for wrongful death. If an heir refuses to participate in the suit as a plaintiff, he or she may be named as a defendant so that all heirs are before the court in the same action. An heir named as a defendant in a wrongful death action is, in reality, a plaintiff." *Ruttenberg v. Ruttenberg*, 53 Cal.App.4th 801, 808 (1997). An heir, though named as a nominal defendant, may recover against the wrongful death action plaintiffs if the nominal defendant is not properly joined in the action. Likewise, if not named in the wrongful death action but the defendants are on notice of the omitted heir, the "one-action" rule cannot be invoked to prevent a further liability being imposed on the defendants. Thus, it behooves all of the parties in this case to ensure that J.S.is a party to this action.

Nevertheless, Defendants observe that under California law a "minor must be represented by a guardian ad litem in court proceedings." (Doc. 51 at 5, citing Cal. Code Civ. P. § 373(a)). However, in truth a minor child must "*appear* either by a guardian or conservator of the estate or by a guardian ad litem appointed by the court in which the action or proceeding is pending" (Cal. Code Civ. Proc. § 372); there is no requirement that the child's representative be named in the complaint. Indeed, a judgment entered against a child is not void; it is merely voidable at the option of the child upon reaching the age of majority. *Pacific Coast etc. Bank v. Clausen,* 8 Cal.2d 364, 365 (1937). Thus, the failure to name the child's representative at the outset of the action does not render the amendment futile. In fact California Code of Civil Procedure § 373 *anticipates* the child—rather than his representative—will be named in the complaint and provides time for the child to apply to the court for appointment of satisfactory representation if this occurs.[2] Thus, the failure to name J.S.'s representative in the complaint does not render the proposed amendment futile.

3.      Claims of Ms. Garlick

Local Rule 220 provides that "[u]nless prior approval to the contrary is obtained from the Court, every pleading to which an amendment or supplement is permitted as a matter of right or has been allowed by court order shall be retyped and filed so that it is complete in itself without reference to the

---

[2] Notably, Plaintiffs observe, J.S. "is represented by counsel and a guardian ad litem has been appointed on his behalf." (Doc. 53 at 7.) Though the Court is aware that J.S. is represented by counsel, the Court is not aware that the child has a guardian ad litem or a representative with the authority to act on his behalf. *See J.S. v. County of Kern, et al.,* case no. 1:14-cv-00419 LJO JLT (Doc. 10).

prior or superseded pleading." L.R. 220.  Because the proposed amended complaint presents the claims of all plaintiffs, including Ms. Garlick, it is sufficient to meet the requirements of the Local Rules. Further, Ms. Garlick has not opposed the filing of the amended complaint.  Accordingly, the amendment is not futile for lack of consent by Ms. Garlick.

### E. Prejudice to the opposing party

The most critical factor in determining whether to grant leave to amend is prejudice to the opposing party.  *Eminence Capital*, 316 F.3d at 1052 ("Prejudice is the touchstone of the inquiry under rule 15(a)") (internal quotes omitted).  There is a presumption under Rule 15(a) in favor of granting leave to amend where prejudice is not shown.  *Id.* The burden of showing prejudice is on the party opposing an amendment to the complaint.  *DCD Programs*, 833 F.2d at 187; *Beeck v. Aquaslide 'N' Dive Corp.*, 562 F.2d 537, 540 (9th Cir. 1977).  Here, Defendants do not assert there would be any prejudice to them if the amendment is permitted.  Further, as noted above, this case has not been scheduled and the parties will be provided ample time for discovery on the claims.  Therefore, this factor does not weigh against amendment.

## IV. Conclusion and Order

Based upon the foregoing, the factors set forth by the Ninth Circuit weigh in favor of allowing Plaintiffs to amend the complaint.  *See Madeja*, 310 F.3d at 636.  Therefore, the Court is acting within its discretion in granting the motion to amend.  *See Swanson*, 87 F.3d at 343.

According, **IT IS HEREBY ORDERED**:

1. The hearing date of May 9, 2014 is **VACATED**;
2. Plaintiffs' motion to amend the complaint (Doc. 50) is **GRANTED**; and
3. Plaintiffs **SHALL** file their First Amended Complaint within two court days of the date of service of this Order.

IT IS SO ORDERED.

Dated:   **May 8, 2014**                    /s/ Jennifer L. Thurston
                                             UNITED STATES MAGISTRATE JUDGE