UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TARA GARLICK, et al., | 1:13-CV-1051-LJO-JLT |
| Plaintiffs, | MEMORANDUM DECISION AND ORDER RE DEFENDANTS' MOTIONS TO DISMISS (DOCS. 59, 63) |
| v. | |
| COUNTY OF KERN, et al., | |
| Defendants. | |

## I. INTRODUCTION

Plaintiffs bring this suit against the County of Kern ("the County"), Donny Youngblood ("Mr. Youngblood"), Douglas Sword ("Mr. Sword"), Ryan Greer ("Mr. Greer"), Tanner Miller ("Mr. Miller"), Jeffrey Kelley ("Mr. Kelley"), Luis Almanza ("Mr. Almanza"), Brian Brock ("Mr. Brock"), David Stephens ("Mr. Stephens"), Michael Phillips ("Mr. Phillips"), Michael Bright ("Mr. Bright"), and Does 1-10, inclusive (collectively, "Defendants"[1]) related to the death of David Silva ("Mr. Silva"), the boyfriend of Plaintiff Tara Garlick, the father of the minor Plaintiffs, and the son of Plaintiffs Merri and Salvador Silva. Doc. 55, First Amended Complaint ("FAC"), at 3. Plaintiffs allege seven causes of action under 42 U.S.C. § 1983 ("§ 1983") on the ground the Defendants violated Mr. Silva's constitutional rights. Plaintiffs also allege causes of action for false arrest/false imprisonment, battery (wrongful death), negligence (wrongful death), and violation of California Civil Code § 52.1 ("§ 52.1").

---

[1] The individually named Defendants, with the exception of Mr. Phillips and Mr. Bright, are Kern County Sheriff's Department officers. Defendants Mr. Phillips and Bright are California Highway Patrol officers. The individually named Defendants will therefore be referred to as "the Officer Defendants."

1

*Id.* at 1.

For the reasons discussed below, the Court GRANTS IN PART and DENIES IN PART Defendants' motions to dismiss.

## II. BACKGROUND[2]

Plaintiffs allege that at approximately 11:00P.M. on May 7, 2013, Mr. Silva was found asleep on the front lawn of a house across the street from the Kern Medical Center in Bakersfield, California. FAC at 6. Phillips and Bright arrived at the scene and one or both of them awakened Mr. Silva with a "knuckle-rub" on his chest. *Id.* At the time, Mr. Silva was unarmed and did not have a weapon or anything that resembled a weapon. *Id.* Despite this, the rest of the officer-Defendants "converged" on Mr. Silva and began to beat him. *Id.* The officers used their batons, fists, boots, and a police dog to batter Mr. Silva. *Id.* During the beating, some of the officers placed Mr. Silva in restraints including handcuffs, hobble restraints or other restraints. *Id.* Mr. Silva "cried out in pain and begged for mercy." *Id.* "Before, during, and after the beating, [Mr. Silva] was in obvious and critical need of emergency medical care and treatment." *Id.* at 7.

Plaintiffs assert eleven causes of action for: (1) unlawful detention and arrest in violation of the Fourth Amendment; (2) excessive force in violation of the Fourth Amendment; (3) denial of medical care in violation of the Fourth Amendment; (4) violation of due process under the Fourteenth Amendment; (5) <u>Monell</u> liability; (6) conspiracy to interfere with civil rights under 42 U.S.C. § 1985 ("§ 1985"); (7) civil conspiracy under § 1985; (8) false arrest/false imprisonment; (9) battery; (10) negligence; and (11) violation of § 52.1. *Id.* at 1.

Defendants move to dismiss ten of Plaintiffs' eleven causes of action under Fed. R. Civ. P. 12(b)(6) on the ground they fail to state a claim for relief. Docs. 59, 63. The Youngblood Defendants move to dismiss Plaintiffs' claims for their pain and suffering and that of Mr. Silva. Doc. 63 at 13-14. Further, the Sword Defendants move to dismiss Plaintiffs' fourth cause of action on the ground that she

---

[2] These background facts are drawn exclusively from the complaint, the truth of which the court must assume for purposes of a Rule 12(b)(6) motion to dismiss.

cannot assert the claim as a matter of law.[3] Doc. 59-1 at 16.

## III. STANDARD OF DECISION

A motion to dismiss pursuant to Fed R. Civ. P. 12(b)(6) is a challenge to the sufficiency of the allegations set forth in the complaint. A 12(b)(6) dismissal is proper where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balisteri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990). In considering a motion to dismiss for failure to state a claim, the court generally accepts as true the allegations in the complaint, construes the pleading in the light most favorable to the party opposing the motion, and resolves all doubts in the pleader's favor. *Lazy Y. Ranch LTD v. Behrens,* 546 F.3d 580, 588 (9th Cir. 2008).

To survive a 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. (quoting *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility for entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). Thus, "bare assertions . . . amount[ing] to nothing more than a 'formulaic recitation of the elements' . . . are not entitled to be assumed true." *Iqbal*, 556 U.S. at 681. In practice, "a complaint . . . must contain either direct or inferential allegations

---

[3] Because it is not stated explicitly, the Court construes the Sword Defendants' motion to dismiss Plaintiff Garlick's "Fourteenth Amendment claim" to apply to the Fourth Cause of Action.

respecting all the material elements necessary to sustain recovery under some viable legal theory." *Twombly*, 550 U.S. at 562. To the extent that the pleadings can be cured by the allegation of additional facts, the plaintiff should be afforded leave to amend. *Cook, Perkiss and Liehe, Inc. v. Northern California Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990) (citations omitted).

## IV. DISCUSSION

### A. Plaintiffs' Causes of Action as to All Defendants.

Defendants move to dismiss all of Plaintiffs' causes of action except claim four. On June 26, 2014, the Court adopted in full the Findings and Recommendations made by the Magistrate Judge in a related case, *J.S. v. Cnty of Kern*, 1:14-CV-419-LJO-JLT ("the *J.S.* case"), which is brought by other relatives of Mr. Silva. The Court therefore granted in part and denied in part Defendants' motions to dismiss.

The Court has carefully reviewed the operative complaints in that case and this one and finds that they are virtually identical. Likewise, the Defendants' arguments in support of their motions to dismiss are virtually identical to those made in their motions to dismiss in the *J.S.* case. Thus, the Court GRANTS IN PART and DENIES IN PART the Defendants' motions to dismiss for the reasons stated in the Magistrate Judge's June 9, 2014 Findings and Recommendations in the *J.S.* case.

### B. Plaintiff Garlick's Fourth Cause of Action.

Plaintiff Garlick's fourth cause of action for violation of substantive due process is brought under § 1983. FAC ¶ 67. Plaintiff Garlick maintains that her relationship with Mr. Silva should be afforded Fourteenth Amendment protection because she was Mr. Silva's girlfriend and they had four children together. *Id.* ¶¶ 8, 67.[4] Specifically, she alleges that she had a due process right under the Fourteenth Amendment to be free from "unwarranted state interference in her familial relationship with [Mr. Silva]," *id.*, and that the Officer Defendants violated that right by, among other things, beating Mr. Silva

---

[4] In her opposition to the Sword Defendants' motion to dismiss, Plaintiff Garlick contends that her claim is based on her "valid assertion of a personal constitutional right under both the First and Fourteenth Amendments." Doc. 68 at 5. But because there is no mention of the First Amendment anywhere in the FAC, Plaintiff Garlick's claim is based solely in the Fourteenth Amendment. *See* FAC ¶ 67.

4

to death. *Id.* ¶ 71.

The Sword Defendants move to dismiss "Plaintiff Garlick's Fourteenth Amendment claim since she was not married to [Mr. Silva] at the time of his death; but rather was his girlfriend." Doc. 59-1 at 16.[5] The Sword Defendants argue that Plaintiff Garlick has no cognizable Fourteenth Amendment rights as a matter of law. *See id.* The Sword Defendants assert that "[t]he Fourteenth Amendment does not recognize a girlfriend as an individual entitled to recover for los[s] of familial companionship," because "[a] claim for loss of familial relationship is limited solely to members of one's family, such as, parents and children." *Id.* The Sword Defendants provide no authority for this proposition.

"The relationships protected by the fourteenth amendment 'are those that attend the creation and sustenance of a family' and similar 'highly personal relationships.'" *IDK, Inc. v. Clark Cnty*, 836 F.3d 1185, 1193 (9th Cir. 1988) (quoting *Roberts v. U.S. Jaycees*, 468 U.S. 609, 618-19 (1984)). Relationships between cohabitating, single adults may fit this description. *Kraft v. Jacka*, 872 F.2d 862, 872 (9th Cir. 1989); *see also United States v. Cote*, No. 03CR271, 2005 WL 1323343, at *4 (N.D. Ill. May 26, 2005) ("In the somewhat inconsistent case law on intimate association in non-marital relationships, most courts lean toward extending some level of constitutional protections to cohabitating couples.")

The Court is unaware of any binding authority that holds that "claim[s] for loss of familial relationship [are] limited solely to members of one's family, such as, parents and children," as Defendants suggest. The Court finds that, although Plaintiff Garlick's relationship with Mr. Silva potentially may receive Fourteenth Amendment protection, the FAC fails to provide sufficient facts about their relationship to support such a finding. The only aspects of Plaintiff Garlick's relationship with Mr. Silva alleged in the FAC is that Plaintiff Garlick was Mr. Silva's "girlfriend" and "the natural mother of" four of Mr. Silva's children. FAC ¶ 8. The FAC provides no other facts about their relationship. The fact that they had children together and were dating at the time of Mr. Silva's death

5

may render their relationship a "highly personal" one that is afforded Fourteenth Amendment protection. But, without more, the Court cannot find that Plaintiff Garlick had any "cognizable interests under the . . . Fourteenth Amendment . . . to be free from . . . unwarranted state interference in her familial relationship with [Mr. Silva]." FAC ¶ 67.

### V. CONCLUSION AND ORDER

For the foregoing reasons, the Court GRANTS IN PART and DENIES IN PART Defendants' motions to dismiss. The Court ORDERS that:

1. The motions to dismiss Plaintiffs' prayer for pain and suffering as to Mr. Silva are DENIED;

2. The motions to dismiss Plaintiffs' prayer for compensation for their own pain and suffering are GRANTED without leave to amend;

3. The motions to dismiss Plaintiffs' Claims 1 through 3 and 5 through 11 as to all Defendants are GRANTED with leave to amend;

4. The motion to dismiss Plaintiffs' fourth cause of action as to Plaintiff Garlick is GRANTED with leave to amend.

Plaintiffs shall have one opportunity to file and serve any such further amended complaint in an attempt to cure the deficiencies described herein. Any such amended complaint shall be filed and served within 20 days of electronic service of this order. Defendants no later than 20 days after service of the amended complaint shall file a response thereto.

IT IS SO ORDERED.

Dated:  **June 26, 2014**               /s/ Lawrence J. O'Neill
                                        UNITED STATES DISTRICT JUDGE