UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TARA GARLICK, et al.,<br><br>          Plaintiffs,<br><br>     v.<br><br>COUNTY OF KERN, et al.,<br><br>          Defendants. | Case No.: 1:13-cv-01051 – LJO -JLT<br><br>ORDER DENYING PLAINTIFF'S MOTION TO SUBSTITUTE TARA GARLICK AS THE GUARDIAN |

Minor plaintiffs MLS, CJS, CRS and EZS are proceeding through a guardian ad litem in this action for civil rights violations and the wrongful death of their father. Initially, the Court appointed Tara Garlick—also a plaintiff in this action and the biological mother of MLS, CJS, CRS and EZS—as the GAL. (Doc. 12.) Shortly thereafter, Ms. Garlick requested to be relieved as the GAL and sought the appointment of a professional fiduciary. (Doc. 13.) At the same time, the Court considered the competing petition of Merri Silva who proffered herself and Judy Silva as prospective GAL's. (Docs. 14, 16). The Court appointed Judy Silva, the paternal aunt of the minor plaintiffs, as the GAL. (Doc. 19.)

Ms. Garlick now requests the Court remove Judy Silva and again appoint her as the GAL. (Doc. 98.) Judy Silva filed her opposition to the motion (Doc. 11), to which Ms. Garlick has filed a reply

1

(Doc. 101).  For the following reasons, Plaintiff Tara Garlick's motion is **DENIED**.[1]

**I.      Legal Standard**

Pursuant to the Federal Rules of Civil Procedure, "[a] minor . . . who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem."  Fed. R. Civ. P. 17(c)(2).  In addition, a court "must appoint a guardian ad litem - or issue another appropriate order - to protect a minor or incompetent person who is unrepresented in an action." *Id*.

Because MLS, CJS, CRS and EZS reside Bakersfield, California (Doc. 12 at 1), the law of the State of California governs.  Under California law, an individual under the age of eighteen is a minor, and a minor may bring suit as long as a guardian conducts the proceedings.  Cal. Fam. Code §§ 6502, 6601.  Because MLS, CJS, CRS and EZS are minors, they lacked the capacity to prosecute this action absent appointment of a guardian ad litem to represent the minor's interests.  Cal. Code Civ. P. § 372(a).  "The role of the guardian ad litem is to protect the incompetent person's rights in the action, to control the litigation, to compromise or settle, to direct the procedural steps, and make stipulations." *Golin v. Allenby*, 190 Cal. App. 4th 616, 644 (2010).

**II.     Discussion**

The Court may remove a guardian ad litem if she acts contrary to the best interests of the children, has a conflict of interest with the minor plaintiffs, or demonstrates an inability or refusal to act.  *See Hull v. Hull*, 53 F.3d 1125, 1127 n.1 (10th Cir. 1995); *see also M.K. v. Harter, 716 F. Supp. 1333*, 1335-36 (E.D. Cal. 1989).

Following her appointment has guardian ad litem, Ms. Silva has assisted with discovery, and her attorneys "have taken the lead in discovery in this case, including by taking the depositions of all the defendant officers."  (Doc. 110 at 14; Doc. 100-1 at 2, Silva Decl. ¶ 5.)  Ms. Silva has not developed a conflict with the claims presented by the children and does not have a personal interest in the outcome of the action.  Ms. Silva asserts she is "unequivocally committed of the best interests of the four children."  (Doc. 100-1 at 2, Silva Decl. ¶ 5.)  Further, Ms. Silva asserts: "I understand that the court has appointed me to serve the children and their interests, and I have taken that role seriously ever since

---

[1] Because the positions of the parties are adequately set forth in the briefs, the hearing on the petition is **VACATED**.

I was appointed." (*Id.*, Silva Decl. ¶ 6.)

Significantly, here, Ms. Garlick has not identified any evidence to the contrary. Rather, her motion is premised on the facts that she is entitled to be the guardian ad litem because she is the mother of the children and "her parental rights [have been] fully restored." (*See* Doc. 98 at 10.) She argues the Court "should recognize, respect and defer to the determination by the Kern County Superior Court with respect to the best interests of the children." (*Id.* at 11.) Ms. Garlick recognizes that her claims in the action may conflict with those of MLS, CJS, CRS and EZS, but asserts that *if* the Court were to grant her petition to be appointed as guardian ad litem, she would "voluntarily dismiss her Complaint, cease being a plaintiff in this action, and seek no monetary recover on her own behalf." (*Id.* at 6.) However, if the Court denies the petition, Ms. Garlick intends to remain a plaintiff because she believes that "the only way she can not only monitor but actively participate in the case to ensure its proper litigation and maximize the recovery for her children will be to remain a party plaintiff in the action." (*Id.* at 6-7, n.1.) Finally, Ms. Garlick asserts that the removal of Ms. Silva as the guardian ad litem "will not cause delay or require continuance of the trial."[2] (*Id.* at 17.)

Though the Court agrees with the general sentiment that a parent, whenever possible, should act as the GAL, the question presented here is different than that the Court confronted when it selected a GAL originally. If the question now was simply whether the mother is "fit" to act as the GAL, the Court would have little hesitation is agreeing she is. However, to remove Judy Silva as the GAL, the Court must have grounds to do so; the fact that Ms. Garlick is now able to take on this role fails to address the factors the Court is to consider. *See Susan R.M. by Charles L.M. v. Ne. Indep. Sch. Dist.*, 818 F.2d 455, 458 (5th Cir. 1987) [When a representative for the child has been duly appointed, a parent may not be appointed absent a showing the representative is not adequately fulfilling the role.].

Though the Court continues to be significantly concerned over what appears to be ongoing conflict between Ms. Garlick and the paternal relatives and, in light of this, has some unease that Judy Silva did not select counsel whose obligations would be owed solely to the children, Ms. Garlick has presented no evidence that Judy Silva should be removed at this time. Moreover, despite Ms. Garlick's

---

[2] Seemingly, this indicates Ms. Garlick has no objection to the manner in which Ms. Silva has cause the case to proceed.

conclusions to the contrary, the Court finds that removing Ms. Silva without cause, poses an unnecessary risk of disrupting the children's case. *See Hull*, 53 F.3d at 1127 [explaining that having multiple representatives "interferes with the orderly development of the lawsuit because the minor children could take inconsistent positions"].

### III.    Conclusion and Order

The decision whether to appoint a guardian ad litem is "normally left to the sound discretion of the trial court." *United States v. 30.64 Acres of Land, etc.*, 795 F.2d 796, 804 (9th Cir. 1986).  The Court declines to disturb its prior appointment of Judy Silva as the guardian ad litem, because Ms. Garlick fails to show that the removal of Judy Silva as the guardian ad litem is proper.

Accordingly, **IT IS HEREBY ORDERED**:

1. The motion by Plaintiff Tara Garlick for her appointment as guardian ad litem the removal Judy Silva as guardian ad litem is **DENIED without prejudice**.

IT IS SO ORDERED.

Dated:    **February 24, 2015**              **/s/ Jennifer L. Thurston**
                                          UNITED STATES MAGISTRATE JUDGE