UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TARA GARLICK, et al.,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>COUNTY OF KERN, et al.,<br><br>　　　　Defendants. | Case No.: 1:13-cv-01051 - LJO - JLT<br><br>ORDER GRANTING MOTION TO SUBSTITUTE CHRIS SILVA AS SUCCESSOR IN INTEREST TO PLAINTIFF SALVADOR SILVA<br><br>(Doc. 106) |

Due to the recent death of Salvador Silva, Chris Silva seeks to substitute as the successor in interest to the decedent. (Doc. 106.) Defendants do not oppose the motion. (Docs. 108, 109.)

The Court has reviewed the motion and supporting documents and finds the matter suitable for decision without oral argument. According, the matter is taken under submission pursuant to Local Rule 230(g). Because Plaintiffs present evidence that Chris Silva is the successor in interest of Salvador Silva, Plaintiffs' motion is **GRANTED**.

I.　　　**Background**

Plaintiffs initiated this action, alleging Defendants are responsible for the wrongful death of David Silva, who was the boyfriend of Plaintiff Tara Garlick, the father of the minor plaintiffs, and the son of Plaintiffs Merri and Salvador Silva. (*See generally* Docs. 2, 78.) Plaintiffs assert eleven causes of action in the Second Amended Complaint: (1) excessive force in violation of the Fourth Amendment; (2) "integral participation" in violation of the Fourth Amendment; (3) failure to intervene

in violation of the Fourth Amendment; (4) denial of medical care in violation of the Fourth Amendment; (5) violation of the substantive due process rights of Salvador Silva, Merri Silva, Tara Garlick, the minor Plaintiffs, and David Silva; (6) municipal liability under 42 U.S.C. § 1983; (7) failure to train; (8) unconstitutional customs or policies; (9) battery; (10) negligence; and (11) a violation of the Bane Act, Cal. Civ. Code § 52.1  (*See generally* Doc. 78.)

Plaintiffs report that "Salvador Silva died on April 29, 2015 in the County of Kern, California, while this lawsuit was pending." (Doc. 106 at 4.)  Therefore, Plaintiffs seek to substitute Chris Silva, the son of Salvador Silva, as his successor in interest in this action. (*Id.*)

## II.     Legal Standard

Rule 25(a)(1) governs the issue of substitution, and provides that:

> If a party dies and the claim is not extinguished, the court may order substitution of the proper party.  A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

Fed.R.Civ.P. 25(a)(1).  Therefore, in deciding a motion to substitute under Rule 25(a)(1), the Court must consider whether: (1) the motion is timely; (2) the claims pled are extinguished; and (3) the person being substituted is a proper party. *See id*.  If the requirements of Rule 25(a) (1) are met, "[t]he substituted party steps into the same position as [the] original party."  *Hilao v. Estate of Marcos*, 103 F.3d 762, 766 (9th Cir. 1996).

## III.    Discussion and Analysis

### A.    The motion is filed timely

The motion at issue was filed within 90 days of Salvador Silva's death and it is, therefore, timely.

### B.    The claims are not extinguished

Generally, the law of the forum state determines whether a section 1983 action survives or is extinguished upon the death of a party. *See* 42 U.S.C. § 1988(a); *Robertson v. Wegmann*, 436 U.S. 584, 592 (1978).  Thus, the law of California governs this action, and under California law "a cause of action for or against a person is not lost by reason of the person's death, but survives subject to the applicable limitations period."  Cal. Code Civ. Proc. § 377.20(a).  Consequently, the Court finds that the claims of

Salvador Silva raised under 42 U.S.C. §1983 were not extinguished upon his death.

### C.    Designation of a "proper party"

Rule 25(a)(1) requires evidence that Chris Silva is a successor in interest or legal representative of Salvador Silva.  *See Hilao*, 103 F.3d at 766 (applying Rule 25(a)(1) to the legal representatives of the deceased's estate).  The Ninth Circuit explained: "It is plain ... that Rule 25(a)(1) applies only to the substitution of legal representatives. That is not only clear from its history; it is implicit in the wording of the provision and in the cases construing it."  *Mallonee v. Fahey*, 200 F.2d 918, 919 (9th Cir. 1952) (footnote omitted).

Here, Plaintiffs report that Salvador Silva was no longer married to Merri Silva, and died without a surviving spouse.  (Doc. 111 at 3.)  Likewise, despite the previous representations that Judy Silva is the paternal aunt of the minor Plaintiffs (Doc. 16 at 3), as it turns out, she is the surviving sister of Salvador Silva and is, therefore, the children's great aunt. (Doc. 111-1 at 1-2)  In any event, because there was no surviving spouse, Salvador Silva's only heir is his son, Chris Silva.  (*Id.*, citing Cal. Prob. Code § 6402).  Therefore, Plaintiffs assert Chris Silva is the "best party to be substituted" and "[n]o other person has a superior right to commence the action or proceeding or to be substituted for Salvador Silva in this pending action or proceeding." (Doc. 106 at 4-5; Doc. 111 at 4.)  In light of the declaratory evidence presented by Plaintiffs, the Court finds Chris Silva is the proper substituted party.

### IV.    Conclusion and Order

Plaintiffs have carried their burden to establish that the requirements of Rule 25(a) (1) are satisfied.  Accordingly, **IT IS HEREBY ORDERED**:

1.    Plaintiffs' motion to substitute (Doc. 106) is **GRANTED**; and

2.    Chris Silva is **SUBSTITUTED** for Plaintiff Salvador Silva.

IT IS SO ORDERED.

Dated:   **July 4, 2015**            /s/ Jennifer L. Thurston
                              UNITED STATES MAGISTRATE JUDGE

3