# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TARA GARLICK; MERRI SILVA; CHRIS SILVA; MINORS MAKEYLA L. SILVA, CHELSEA J. SILVA, CATELYN R. SILVA, AND ELI Z. SILVA, INDIVIDUALLY AS SUCCESSORS IN INTEREST TO DAVID S. SILVA, BY AND THROUGH THEIR GUARDIAN *AD LITEM*, JUDY SILVA; AND, MINOR JADE SILVA, INDIVIDUALLY AS SUCCESSOR IN INTEREST TO DAVID S. SILVA, DECEASED, BY AND THROUGH HER GUARDIAN *AD LITEM* ADRIANE DOMINGUEZ, <br><br> Plaintiffs, <br><br> v. <br><br> COUNTY OF KERN, IN ITS OFFICIAL CAPACITY; SERGEANT DOUGLAS SWORD, DEPUTIES JEFFREY KELLY, LUIS ALMANZA, RYAN BROCK, DAVID STEPHENS, TANNER MILLER, RYAN GREER, AND CHP OFFICERS MICHAEL PHILLIPS AND MICHAEL BRIGHT, EACH IN THEIR INDIVIDUAL CAPACITIES, <br><br> Defendants. | CASE NO. 1:13-CV-01051-LJO-JLT <br><br> **ORDER RE: JOINT STIPULATION ON MOTIONS IN LIMINE** <br><br> (Doc. 164) |

The parties, through their respective counsel, have stipulated to the following and agree that all of the following apply equally to all parties:

1. To preclude any comment or argument before the jury that suggests that jurors should base Plaintiffs' damages on an amount that the jurors would charge to endure similar injuries, or that would appeal to community standards or morals;

2. To preclude evidence, comment or argument relating to Defendants' liability insurance and/or wealth;

3. To preclude any opinions of witnesses, including expert witnesses, as to the credibility of other witnesses, including law enforcement personnel;

4. To preclude evidence of rallies and protests conducted after the date of the subject incident in favor of or against law enforcement conduct;

5. To preclude any reference to newspaper articles or video, audio, or typographical news media accounts[1] of the subject incident or subsequent events, rallies, and/or protests;

6. To preclude any reference to any website, Facebook pages or other social media sources, which reference this incident;

7. To exclude the results of any CHP investigation; and

8. To preclude the online political and social media activity of the individual Plaintiffs, including Chris Silva and Merri Silva.

*See* Doc. 164.

Pursuant to the stipulation of the parties, **IT IS SO ORDERED**.

IT IS SO ORDERED.

Dated:   **March 23, 2016**          /s/ Lawrence J. O'Neill
                                     UNITED STATES DISTRICT JUDGE

---

[1] This does not preclude a party from attempting to introduce into evidence—subject to any objections or foundation requirements--the cell phone videos taken by a percipient witness, the surveillance video of the subject incident, or the 911 call.