# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TARA GARLICK; MERRI SILVA; CHRIS SILVA; MINORS MAKEYLA L. SILVA, CHELSEA J. SILVA, CATELYN R. SILVA, AND ELI Z. SILVA, INDIVIDUALLY AS SUCCESSORS IN INTEREST TO DAVID S. SILVA, BY AND THROUGH THEIR GUARDIAN *AD LITEM*, JUDY SILVA; AND, MINOR JADE SILVA, INDIVIDUALLY AS SUCCESSOR IN INTEREST TO DAVID S. SILVA, DECEASED, BY AND THROUGH HER GUARDIAN *AD LITEM* ADRIANE DOMINGUEZ,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF KERN, IN ITS OFFICIAL CAPACITY; SERGEANT DOUGLAS SWORD, DEPUTIES JEFFREY KELLY, LUIS ALMANZA, RYAN BROCK, DAVID STEPHENS, TANNER MILLER, RYAN GREER, AND CHP OFFICERS MICHAEL PHILLIPS AND MICHAEL BRIGHT, EACH IN THEIR INDIVIDUAL CAPACITIES,<br><br>Defendants. | Case No. 1:13-CV-01051-LJO-JLT<br><br>ORDER ON DEFENDANTS' MOTION IN LIMINE NO. 16.<br><br>(Doc. 177) |

Plaintiffs Tara Garlick, Merri Silva, Chris Silva, and minors Makeyla L. Silva, Chelsea J. Silva, Catelyn R. Silva, and Jade Silva (collectively, "Plaintiffs") bring the instant civil rights action against Defendants County of Kern, Sergeant Douglas Sword, Deputies Jeffrey Kelly, Luis Almanza, Ryan Brock, David Stephens, Tanner Miller, Ryan Greer, and California Highway Patrol ("CHP") Officers Michael Phillips and Michael Bright (collectively, "Defendants"), alleging excessive force under 42 U.S.C. § 1983 ("Section 1983"). The case arises from the in-custody death of David S. Silva ("Silva" or "the Decedent") in the course of an encounter with County of Kern Sherriff's Deputies

and California Highway Patrol ("CHP") Officers on May 7, 2013. Plaintiffs claim that the officers' use of force violated Decedent's Fourth and Plaintiffs' Fourteenth Amendment rights. Defendants counter that their use of force was reasonable. The facts are otherwise known to the parties and need not be repeated here. *See* Doc. 157, Order on Defendants' Motions for Summary Judgment; *see also* Doc. 161, Pretrial Order.

Pending before the Court is Defendants' motion *in limine* No. 16 (Doc. 177), which the Court deems appropriate for resolution without oral argument. *See* E.D. Cal. Civ. L.R. 230(g). Upon the Court's request (Doc. 218), the parties filed additional briefing on the issue. Docs. 220 & 223. For the reasons explained below, the Court denies Defendants' motion.

## LEGAL STANDARD

A party may use a motion *in limine* as a procedural mechanism to exclude inadmissible or prejudicial testimony or evidence in a particular area before it is introduced at trial. *See Luce v. United States,* 469 U.S. 38, 40 n. 2 (1984); *see also United States v. Heller*, 551 F.3d 1108, 1111 (9th Cir. 2009). Such motions allow parties to resolve evidentiary disputes before trial and avoid potentially prejudicial evidence being presented in front of the jury, thereby relieving the trial judge from the formidable task of neutralizing the taint of prejudicial evidence. *Brodit v. Cambra,* 350 F.3d 985, 1004-05 (9th Cir. 2003). Pretrial motions such as motions *in limine* "are useful tools to resolve issues which would otherwise clutter up the trial." *Palmerin v. City of Riverside*, 794 F.2d 1409, 1413 (9th Cir. 1986); *see also Jonasson v. Lutheran Child and Family Services,* 115 F.3d 436,440 (7th Cir. 1997) ("[A] motion in limine is an important tool available to the trial judge to ensure the expeditious and evenhanded management of the trial proceedings.").

Motions *in limine* that exclude broad categories of evidence are disfavored, and such issues are better dealt with during trial as the admissibility of evidence arises. *See, e.g., Brown v. Kavanaugh*, No. 1:08-CV-01764-LJO, 2013 WL 1124301, at *2 (E.D. Cal. Mar. 18, 2013) (citing *Sperberg v. Goodyear Tire & Rubber, Co.,* 519 F.2d 708, 712 (6th Cir. 1975); *see also In re Homestore.com, Inc.*, No. CV 01-11115 RSWL CWX, 2011 WL 291176, at *2 (C.D. Cal. Jan. 25, 2011) (holding that motions *in limine* should "rarely seek to exclude broad categories of evidence, as the court is almost always better situated to rule on evidentiary issues in their factual context

during trial"); *Cf. Oracle Am., Inc. v. Google Inc.*, No. C 10-03561 WHA, 2012 WL 1189898, at *4 (N.D. Cal. Jan. 4, 2012) (concluding that "a broad categorical exclusion" was unwarranted).

Additionally, some evidentiary issues are not accurately and efficiently evaluated by the trial judge in a motion *in limine*, and it is within the district court's discretion to defer ruling until trial when the trial judge can better estimate the impact of the evidence on the jury. *See, e.g., United States v. Amaro*, 613 F. App'x 600, 602 (9th Cir.), *cert. denied sub nom. Stewart-Hanson v. United States*, 136 S. Ct. 276 (2015); *see also Jonasson,* 115 F.3d at 440.

## I. DEFENDANTS' MOTION IN LIMINE ("MIL") NO. 16.

**to Preclude Testimony or Arguments Regarding the Alleged Deletion of Videos from Witness Maria Melendez's Cell Phone (Doc. 177).**

Defendants seek to exclude any and all testimony that Kern County Sheriff personnel deleted video recordings on the incident from percipient witness Maria Melendez's phone (Doc. 177 at 2:15-17), on the basis that: the County personnel are not themselves parties to this case; and, that any evidence or testimony on this topic is "irrelevant and immaterial" (Doc. 220 at 2:24-25) given the Court's dismissing the *Monell* claims in its summary judgment Order. *See* Fed. R. Evid. 401. In their additional briefing (*see* Doc. 220), Defendants primarily argue that such evidence will cause a "trial within a trial," that it amounts to "wasting time" (Doc. 220 at 3:23), and should therefore be precluded under Fed. R. Evid. 403.

Plaintiffs argue that the County's conduct "constitutes willful suppression of evidence," from which a jury could draw an adverse inference. *Id.* at 2:15-17; *see, e.g. Akiona v. United States*, 938 F.2d 158 (9th Cir. 1991) ("a trial court . . . has the broad discretionary power to permit a jury to draw an adverse inference from the destruction or spoliation against the party or witness responsible for that behavior"). Plaintiffs contend that evidence emerged during discovery that County employees had "tampered with or deleted cellphone video footage of the [subject] encounter" (Doc. 223 at 2:8-10), from two separate cellular phones (*id.* at 9:3). Plaintiffs offer that they will call two witnesses, Melendez and Francisco Arrieta ("Arrieta"), who will each testify that they personally recorded the subject incident on their individual cellular telephones, and can describe what they recorded. *Id.* at 9:19-22. The offer of proof is that these witnesses will testify

3

that after the incident, County employees seized their cellular telephones over their objections. Melendez will testify that the County never returned her cellular telephone; Arrieta will testify that County returned his cellular telephone with the recorded footage missing. *Id.* at 9:25-28. Other witnesses will testify that they were present when the County employees seized the cellular phones.

Defendants counter that they would offer rebuttal testimony to put in question whether the alleged video recordings actually existed, that the video recordings were not actually deleted, and that Melendez's cellular phone was not in the possession of the Kern County Sheriff's personnel the entire time it was out of Melendez's possession. Doc. 220 at 4:2-6.

The alleged destruction of evidence adverse to Defendants is relevant. Defendants' primary objection, however, is under Rule 403. Also, Defendants do not move to exclude or address evidence related to the alleged destruction of Arrieta's video recordings. In any event, the Court acknowledges that there are issues in this case about whether video footage exists or existed, as well as the alleged seizure and/or destruction of it. In sum, the testimony and evidence sought to be excluded is in the realm of factual dispute and is well within the province of a decision by the trier of fact. Moreover, Defendants overestimate how long it will take to resolve the issue during the trial. In weighing and balancing the required factors, the call is not close. The Court **DENIES** the motion on 403 grounds.

## II. CONCLUSION AND ORDER

For the foregoing reasons, **IT IS HEREBY ORDERED** that Defendants' Motion *in limine* Number 16 (Doc. 177) is **DENIED**.

IT IS SO ORDERED.

Dated:   **April 19, 2016**              /s/ Lawrence J. O'Neill
                                          UNITED STATES DISTRICT JUDGE

4