UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TARA GARLICK, et al., </br></br>    Plaintiffs, </br></br>    v. </br></br> COUNTY OF KERN, et al., </br></br>    Defendants. | Case No.: 1:13-cv-01051 - LJO - JLT </br></br> ORDER DIRECTING COUNSEL FOR PLAINTIFF J.S. TO FILE ADDITIONAL BRIEFING IN SUPPORT OF THE PETITION FOR APPROVAL OF THE COMPROMISE FOR MINOR PLAINTIFF J.S. </br></br> (Doc. 239) |

Plaintiff J.S., by and through her guardian ad litem Adrian Dominguez seeks approval of the settlement reached on behalf of Plaintiff J.S. (Doc. 239) From the settlement of $180,000.00, Plaintiff's counsel seeks fees in the amount of $45,000.00 and costs in the amount of $2,866.30. (Doc. 239-1 at 2) However, Plaintiff's counsel fails to provide any information regarding actions taken on behalf of the minor Plaintiff, the time expended, or the costs incurred by counsel. (*See id.*) Moreover, it is unclear whether Ms. Dominguez entered into a contract for the amount of fees requested by counsel.

Pursuant to Local Rule 202(b), when seeking approval of a minor's compromise, the parties must disclose:

> the age and sex of the minor, the nature of the causes of action to be settled or compromised, the facts and circumstances out of which the causes of action arose, including the time, place and persons involved, the manner in which the compromise amount . . . was determined, including such additional information as may be required to enable the Court to determine the fairness of the settlement or compromise, and, if a

1

1  personal injury claim, the nature and extent of the injury with sufficient particularity to inform the Court whether the injury is temporary or permanent.

Local Rule 202(b)(2).  The Court must independently investigate the fairness of the settlement even where the parent has recommended it.  *Robidoux v. Rosengren*, 638 F.3d 1177, 1181 (9th Cir. 2011); *see also Salmeron v. United States*, 724 F.2d 1357, 1363 (9th Cir. 1983) (holding that "a court must independently investigate and evaluate any compromise or settlement of a minor's claims to assure itself that the minor's interests are protected, even if the settlement has been recommended or negotiated by the minor's parent or guardian ad litem")

Here, without further information, the Court is unable to determine whether the fees and costs requested are appropriate deductions from the settlement apportioned for Plaintiff J.S.  Accordingly, the Counsel for Plaintiff J.S. **SHALL** file additional briefing supporting the fees and costs requested no later than **July 22, 2016**.

IT IS SO ORDERED.

Dated:   **July 13, 2016**                                    **/s/ Jennifer L. Thurston**
                                                              UNITED STATES MAGISTRATE JUDGE