1

2

3

4

5

6

7

8          **UNITED STATES DISTRICT COURT**

9         **EASTERN DISTRICT OF CALIFORNIA**

10

11   TARA GARLICK, et al.,                    )   Case No.: 1:13-cv-01051 - LJO - JLT
                                              )
12              Plaintiffs,                   )   FINDINGS AND RECOMMENDATIONS
                                              )   GRANTING APPROVAL OF THE COMPROMISE
13        v.                                  )   ON BEHALF OF MINOR PLAINTIFF J.S.
                                              )   (Doc. 248)
14   COUNTY OF KERN, et al.,                  )
                                              )   ORDER VACATING THE HEARING DATE
15              Defendants.                   )
     _____)

16

17          This matter arises out of the death of David Silva which, it is claimed, was caused by the

18   application of excessive and unreasonable use of force by various law enforcement officers.  J.S. is a

19   surviving child of the decedent.  She seeks approval of the settlement reached with Defendants, by and

20   through her mother/guardian ad litem Adriane Dominguez.  (Doc. 248)  For the following reasons, the

21   Court recommends the motion for approval of the settlement be **GRANTED**.[1]

22   **I.       Factual and Procedural History**

23          The plaintiff initiated this action, alleging Defendants are responsible for the wrongful death of

24   David Silva, who was the boyfriend of Plaintiff Tara Garlick, the father of the minor plaintiffs, and the

25   son of Plaintiffs Merri and Salvador Silva.  (*See generally* Docs. 2, 78)  The plaintiffs asserted eleven

26

27   _____

28   [1]Due to the onset of the new school year, because the motion is unopposed and because the amended petition adequately
     sets forth the information required under Local Rule 202(b), there is good cause to excuse the attendance of the child at the
     hearing.  Thus, the Court **ORDERS** the hearing to be **VACATED**.

causes of action in the Second Amended Complaint: (1) unlawful arrest/detention in violation of the

Fourth Amendment; (2) excessive force in violation of the Fourth Amendment; (3) denial of medical

care in violation of the Fourth Amendment; (4) a violation of substantive due process; (5) municipal

liability under 42 U.S.C. § 1983; (6) civil conspiracy-interference with civil rights; (7) civil

conspiracy-witness intimidation, spoliation of evidence, obstruction of justice; (8) false arrest/false

imprisonment; failure to train; (9) battery (wrongful death); (10) negligence (wrongful death); and (11)

a violation of the Bane Act, Cal. Civ. Code § 52.1.

## II.      Settlement Approval Standards

No settlement or compromise of "a claim by or against a minor or incompetent person" is

effective unless it is approved by the Court.  Local Rule 202(b).  The purpose of requiring the Court's

approval is to provide an additional level of oversight to ensure that the child's interests are protected.

Toward this end, a party seeking approval of the settlement must disclose:

> the age and sex of the minor, the nature of the causes of action to be settled or
> compromised, the facts and circumstances out of which the causes of action arose,
> including the time, place and persons involved, the manner in which the compromise
> amount . . . was determined, including such additional information as may be required
> to enable the Court to determine the fairness of the settlement or compromise, and, if a
> personal injury claim, the nature and extent of the injury with sufficient particularity to
> inform the Court whether the injury is temporary or permanent.

Local Rule 202(b)(2).

The Ninth Circuit determined that Federal Rule of Civil Procedure 17(c) imposes on the Court

the responsibility to safeguard the interests of child-litigants. *Robidoux v. Rosengren*, 638 F.3d 1177,

1181 (9th Cir. 2011).  Thus, the Court is obligated to independently investigate the fairness of the

settlement even where the parent has recommended it.  *Id.*, at 1181; *see also Salmeron v. United States*,

724 F.2d 1357, 1363 (9th Cir. 1983) (holding that "a court must independently investigate and evaluate

any compromise or settlement of a minor's claims to assure itself that the minor's interests are

protected, even if the settlement has been recommended or negotiated by the minor's parent or guardian

ad litem").  Rather than focusing on the amount of fees to be awarded, the Court must evaluate whether

the net amount to the child is fair and reasonable "without regard to the proportion of the total

settlement value designated for adult co-plaintiffs or plaintiffs' counsel" and "in light of the facts of the

case, the minor's specific claim, and recovery in similar cases."  *Robidoux*, 638 F.3d at 1181-1182.

### III.  Discussion and Analysis

The petition for approval of the settlement reached on behalf of the child J.S. sets forth the information required by Local Rule 202(b)(2). J.S. is 15 years old.  (Doc. 248-1 at 2)  J.S. resides with her mother.  (*Id.*)  Ms. Dominguez asserts that the child's damages arise from the death of her father and the resulting loss of the paternal relationship.  (Doc. 248-1 at 2)  The Defendants have agreed to pay J.S. $180,000.  Id.

### A.  Award to J.S.

The settlement funds will be paid by the County of Kern, in the amount og $158,400 and the State of California, in the amount of $21,600.  (Doc. 248-1 at 2) After the payment of the proposed attorney fees and costs, the child will receive $132,000 from the settlement.  (Doc. 248-1 at 2)  The money will be deposited in an interest-bearing blocked trust account at an FDIC insured banking institution for the child's benefit. Id. at 2-3.  However, at the time of payment, $10,793.98 will be paid immediately to Ms. Dominguez to provide her daughter a laptop, ballet lessons and to pay for orthodontia services.  Id. at 3.

### B.  Proposed Attorney Fees and Costs

Out of the settlement proceeds, Plaintiffs' counsel will be awarded fees in the amount of $45,000 and costs in the amount of $2,866.30.  (Doc. 248-1 at 2)  John Burris—counsel for J.S.—reports that the plaintiff, through her mother, entered into a retainer agreement "for a 25 percent contingency fee."  (Doc. 248-3 at 3-4)  He reports the actions taken by the attorneys in the course of the litigation include:

    a.  Client Intake: investigating the facts and circumstances of incident, counseling and advising Ms. Dominguez about the legal process and formulating litigation strategy;

    b.  Pleadings: preparing and filing the Government Tort Claim and Federal Complaint, First Amended Complaint, Second Amended complaint, and attendant declarations;

    c.  Case Management: participating in the preparation and review of Case Management Conference Statements and appearing for said conferences;

    d.  Discovery: Preparing responses to written discovery; preparing and defending minor J.S.'s Guardian Ad Litem's for her deposition; reviewing the copious amounts of discovery generated during the course of the three years this case was litigated; researching applicable laws and procedures;

    e.  Motion and Pretrial work: Preparing 2 Oppositions to Defendants' Motions to Dismiss and 3 in support of Oppositions for Summary Judgment/Adjudication; preparing motions to

consolidate; participating in the preparation of Pre-Trial Conference documents including, but not limited to, jury instructions, motions in limine, verdict form, Pre Trial Conference Statement, Exhibit and Witness Lists, etc.;

    f.   ADR: preparation and participation in alternative dispute resolution (Mediation)

    g.   Minor's Compromise: preparation of Petition to appoint a guardian ad litem, attendant declarations, and exhibits.

Id. at 3-4. Based upon the actions taken by counsel and the costs expended in the action—and the fact that Plaintiffs' guardian ad litem indicates her assent to the fees and costs requested (Doc. 248-1 at 4)—the Court finds the award is reasonable.

### C. Recovery in Similar Actions

As noted above, the Court must consider the outcome of similar cases to determine whether the sum to settle the children's claims is reasonable. *See Robidoux*, 638 F.3d at 1181; *Salmeron*, 724 F.2d at 1363. Although Petitioner did not identify any similar actions to support the approval of the minors' compromise, the Court finds the recovery is appropriate considering those received by minors in other actions.

For example, in *Cotton ex rel. McClure v. City of Eureka, Cal.*, 2012 WL 6052519 at *1-2 (N.D. Cal. Dec. 5, 2012), the settlement for the child, following the death of her father after an altercation with police officers, was in the amount of $4,000,000. The court approved the minor's compromise and, after awarding fees and costs, the net amount to be received by the child was $2,646,765.90. *Id.* However, because the settlement required the proceeds to be invested in annuities, the total future payments to be received by the child would be $5,926,754.89. *Id.*

The settlement here approximates those amounts awarded to other minors who suffered the loss of a parent during encounters with police officers. *See, e.g., E.S. v. City of Visalia*, 2015 WL 6956837 (E.D. Cal. Nov. 3, 2015) (approving a minor's compromise for net payment of $130,444.83 in action involving the shooting and killing of minor's father); *Armstrong v. Dossey*, 2013 WL 4676541 (E.D. Cal. Aug. 30, 2013) (finding fair and reasonable settlement of minors' claims for their father's death for $22,500 and $11,000 respectively); *Doe ex rel. Scott v. Gill*, 2012 WL 1939612, (N.D. Cal. May 29, 2012) (approving a minor's compromise in the net amount of $7,188.85 where minor's mother was shot and killed by police officers); *Swayzer v. City of San Jose*, 2011 WL

1   3471217 (N.D. Cal. Aug. 5, 2011) (approving a minor's compromise for net amount of $2,054.17 in
2   the wrongful death action, where the minor's father died during the course of his arrest).

3          Based upon the information provided in the motion and the supporting documents, and
4   considering the totality of the facts and circumstances of this case—and most particularly the excellent
5   result achieved compared to similar actions—the Court finds the settlement agreement is fair,
6   reasonable, and in the best interests of the children.

7   **IV.     Findings and Recommendations**

8          Based upon the foregoing, it is **HEREBY RECOMMENDED**: that the petition to approve
9   settlement of the minor's claims be **APPROVED** as follows:

10         1.     That the motion to approve settlement of the J.S. claims be **GRANTED**;

11         2.     The County of Kern be DIRECTED to pay the $180,000 to "ADRIANE
12                DOMINGUEZ, as the Guardian Ad Litem for JADE SILVA, a minor, in trust to the
13                Law Office of John L. Burris;"

14         3.     This payment is in consideration of a full and final release and discharge of and from
15                all claims arising from this action as to all defendants.  It includes all claims for
16                attorney fees and costs incurred on behalf of J.S.  Thus, the Court recommends the
17                attorneys' fees in the amount of $45,000 and costs (in the amount of $2,866.30), be
18                **APPROVED**;

19         4.     Of the settlement amount, $10,695.98 SHALL be disbursed immediately by the Law
20                Office of John Burris to Adriane Dominguez to pay for ballet lessons, a laptop
21                computer and orthodontia services for the child.  The remainder of the settlement
22                proceeds, $132,133.70 SHALL be placed in an interest-bearing blocked trust account at
23                an FDIC insured banking institution for the benefit of J.S.  This amount will be
24                disbursed to J.S. on her 18th birthday;

25         5.     That the parties' be **DIRECTED** to file with the Court a stipulation for dismissal of the
26                action with prejudice, and lodge a separate order, no later than ten days after these
27                findings and recommendations are adopted.

28         These findings and recommendations are submitted to the United States District Judge

assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local

Rules of Practice for the United States District Court, Eastern District of California. Within fourteen

days after being served with these findings and recommendations, any party may file written

objections with the Court and serve a copy on all parties.  Such a document should be captioned

"Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that

failure to file objections within the specified time may waive the right to appeal the district judge's

order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).


IT IS SO ORDERED.

Dated:   __**August 2, 2016**__                    _____**/s/ Jennifer L. Thurston**
                                                                    UNITED STATES MAGISTRATE JUDGE